**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC.; J.P. MORGAN SECURITIES LLC; AND RBS SECURITIES, INC.,<br><br>Defendants. | No. 11-cv-30285 (MAP)(KPN) |

**MOTION TO ADJOURN INITIAL SCHEDULING CONFERENCE**

Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., Deutsche Bank

Securities Inc., Goldman, Sachs & Co., J.P. Morgan Securities LLC, and RBS Securities,

Inc. (collectively, "Defendants"), respectfully move this Court for an Order adjourning

the May 3, 2012 initial scheduling conference.  As set forth below, given the substantial

overlap between this action and ten other related actions brought by Plaintiff

Massachusetts Mutual Life Insurance Company ("MassMutual"), Defendants respectfully

submit that holding a single coordinated pre-trial conference for all related actions will

best serve the interests of efficiency and judicial economy.

I.     Background.

On December 29, 2011, MassMutual filed this action.  (See 12/29/11

Compl., Docket No. 1.)  The Complaint seeks rescission of MassMutual's purchase of

residential mortgage-back securities certificates sold by the five underwriter Defendants

named above and/or recovery of damages.  Prior to filing this lawsuit, MassMutual had

already brought what this Court described as "nearly identical actions against dozens of

Defendants"; all of those related actions were filed between February 9, 2011 and

September 1, 2011.[1]  (2/14/12 Memorandum and Order Regarding Defendants' Motion to

Dismiss, Docket No. 25, at 3.)  Each of the Defendants in this action is also a named

defendant in one or more of the Related Actions.[2]  Moreover, each of the other ten

actions raises "substantially identical issues" to the ones raised in this action.  (Id. at 4.)

Indeed, in filing this action, MassMutual designated it as a "related action" to one of the

other ten actions (see Civil Cover Sheet, Docket No. 1, Attachment 1 (identifying the 11-

30035 action as related)), which in turn identifies all of the other Related Actions as

---

[1] The other actions are (1) Massachusetts Mutual Life Insurance Company v. Residential Funding Company, LLC, et al. (No. 11-30035-MAP) (filed February 9, 2011); (2) Massachusetts Mutual Life Insurance Company v. DB Structured Products, Inc., et al. (No. 11-30039-MAP) (filed February 16, 2011); (3) Massachusetts Mutual Life Insurance Company v. RBS Financial Products Inc., et al. (No. 11-30044-MAP) (filed February 24, 2011); (4) Massachusetts Mutual Life Insurance Company v. DLJ Mortgage Capital, Inc., et al. (No. 11-30047-MAP) (filed February 25, 2011); (5) Massachusetts Mutual Life Insurance Company v. Credit Suisse First Boston Mortgage Securities Corp., et al. (No. 11-30048-MAP) (filed February 25, 2011); (6) Massachusetts Mutual Life Insurance Company v. JP Morgan Chase Bank, N.A., et al. (No. 11-30094-MAP) (filed April 8, 2011); (7) Massachusetts Mutual Life Insurance Company v. Goldman Sachs Mortgage Company, et al. (No. 11-30126-MAP) (filed May 5, 2011); (8) Massachusetts Mutual Life Insurance Company v. Impac Funding Corporation, et al. (No. 11-30127-MAP) (filed May 6, 2011); (9) Massachusetts Mutual Life Insurance Company v. HSBC Bank USA National Association, et al. (No. 11-30141-MAP) (filed May 20, 2011); and (10) Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation, et al. (No. 11-30215-MAP) (filed September 1, 2011) (together, with this action, the "Related Actions").

[2] Deutsche Bank Securities Inc. is also a named defendant in MassMutual's 11-30039 action; Goldman, Sachs & Co., Inc. is also a named defendant in MassMutual's 11-30126 action; J.P. Morgan Securities LLC is also a named defendant in MassMutual's 11-30094, 11-30126 and 11-30127 actions; Merrill Lynch, Pierce, Fenner & Smith, Inc. is also a named defendant in MassMutual's 11-30215 action; and RBS Securities, Inc. is also a named defendant in MassMutual's 11-30044 action.

"related" (see Civil Docket, No. 3:11-cv-30035-MAP (identifying the 11-30039, 11-30044, 11-30047, 11-30048, 11-30094, 11-30126, 11-30127, 11-30141, 11-30215 and 11-30285 actions as related)).  Accordingly, this action, like all the others before it, was assigned to the Honorable Michael A. Ponsor.

Defendants in the Related Actions filed motions to dismiss the respective complaints in those Actions, raising virtually identical grounds for dismissal. Recognizing the "substantially identical" and "global" issues relevant to the motions in all of the actions, on December 13, 2011, Judge Ponsor held a single oral argument for all of the Related Actions, and on February 14, 2012, issued a single, omnibus Memorandum and Order Regarding Defendants' Motion to Dismiss in all of the Actions.[3]  (Id. at 4-5; see also No. 11-30035-MAP (Docket No. 65); No. 11-30039-MAP (Docket No. 59); No. 11-30044-MAP (Docket No. 51); No. 11-30047-MAP (Docket No. 52); No. 11-30048-MAP (Docket No. 70); No. 11-30094-MAP (Docket No. 97); No. 11-30126-MAP (Docket No. 72); No. 11-30127-MAP (Docket No. 36); No. 11-30141-MAP (Docket No. 36); and No. 11-30215-MAP (Docket No. 98).)  Given the identity of issues in the Related Actions, the Court dismissed "Plaintiff's claims regarding misrepresentations concerning owner-occupancy rates . . . in all of the complaints" (except the 11-30141 action), as well as "Plaintiff's section 410(a) claims against the non-underwriter Defendants . . . in all of the complaints".  (Id. at 57-58 (emphases added).)  At the end of his Order, Judge Ponsor directed that all of "[t]he cases . . . be referred to Magistrate Judge Kenneth P. Neiman for a pretrial scheduling conference".  (Id. at 58.)

---

[3] Although a motion to dismiss was not filed in the 11-30215 action, the parties agreed that Judge Ponsor's omnibus Memorandum and Order Regarding Defendants' Motion to Dismiss in the other Related Actions would apply to the 11-30215 action.  (See No. 11-30215-MAP (Docket No. 101).)

3

On April 3, 2012, this Court scheduled an initial pre-trial conference solely in this action for May 3, 2012.  The other Related Actions have not yet been docketed for an initial pre-trial conference.[4]  (4/3/12 Notice of Scheduling Conference, Docket No. 33.)

On April 6, 2012, Defendants' counsel contacted MassMutual's counsel to seek MassMutual's consent to this motion.  MassMutual's counsel stated that MassMutual would not agree to a single initial pre-trial conference for all of the Related Actions.  On April 9, 2012, Defendants' contacted MassMutual's counsel to inform them that this motion would be filed.  Although MassMutual's counsel acknowledged that some coordination would likely be necessary among the Related Actions, MassMutual would not agree to adjourn the conference in order to ensure a coordinated initial scheduling conference with all of the Defendants from all of the Related Actions.

II.     Argument.

The substantial overlap among the eleven Related Actions—all brought by MassMutual, all asserting virtually identical claims against overlapping defendants, and all pending before Judge Ponsor and this Court—warrants a single coordinated scheduling conference among all actions.  Such a coordinated approach will conserve the resources of the Court and the parties by avoiding duplicative proceedings and discovery, and ensure efficiency and consistency in preparing these cases for trial.  Defendants recognize that there will certainly be some documents, witnesses and issues that are particular to each Action and that each Action will require its own dispositive motions

---

[4] Defendants note that motions for leave to amend MassMutual's complaints and for reconsideration of the proposed dismissal of certain individual defendants are still pending in several of the Related Actions; those pending motions may explain why an initial pre-trial conference has not yet been scheduled in those Actions.

(and assuming any portion of MassMutual's claims survives dispositive motions, separate trials), but a coordinated initial scheduling conference is the most effective means to discuss the substantial overlap in discovery issues among the Related Actions and to determine the most efficient way to proceed.  Accordingly, Defendants respectfully submit that this Court adjourn the initial scheduling conference until all of the Related Actions are ready for discovery.

First, notwithstanding that MassMutual has brought these actions individually, discovery issues in the Related Actions will substantially overlap.  In fact, several of the very certificates upon which MassMutual has sued are the subject of more than one Related Action.  For example, all twelve certificates at issue in this case (i.e., RALI 2005-QO4; RALI 2006-QO1; RALI 2006-QO3; RALI 2006-QO4; RALI 2006 QO6; RALI 2007-QH6; RAMP 2005-RZ1; RAMP 2006-RS4; RAMP 2006-RS6; RAMP 2006-RZ3; RAMP 2007-RZ1; and RASC 2007-KSC), are also the subject of the 11-30035 action.  (Compare 11-30285 Compl. ¶ 57, with 11-30035 Compl. ¶ 62.)  In other words, the certificates upon which MassMutual has sued in this case are a subset of the certificates upon which MassMutual has sued in the 11-30035 action.

As such, not only will there be substantial overlap in terms of the general topics of discovery across the Related Actions (e.g., loan underwriting guidelines; the trading, value and performance of the securities at issue; and due diligence related to the offering documents), but some of the Related Actions will doubtless involve discovery of the very same documents (e.g., documents relating to offerings of certificates that are the subject of more than one Related Action) and witnesses. Indeed, there is likely to be overlap among both party witnesses (i.e., the same sophisticated plaintiff brought each of

these eleven actions) and non-parties (there will likely be overlap among originators, due diligence providers and other relevant non-parties).  The potential for such duplicative discovery alone justifies a coordinated initial pre-trial conference.  See, e.g., In re Foot Locker, Inc., 787 F. Supp. 2d 1364, 1365 (J.P.M.L. 2011) (centralizing cases "involv[ing] common questions of fact" where "discovery . . . will overlap" in order to "have the benefit of eliminating duplicative discovery; preventing inconsistent pretrial rulings . . .; and conserving the resources of the parties, their counsel, and the judiciary"); In re Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Products Liab. Litig., 598 F. Supp. 2d 1372, 1373 (J.P.M.L. 2009) (finding centralization appropriate where the "actions are nearly identical in terms of the facts alleged, and discovery undoubtedly will overlap").

Second, having an initial coordinated pre-trial conference—as opposed to multiple separate ones—will significantly conserve the resources of this Court and the parties.  There is simply no reason why this Court should expend its resources repeatedly discussing the same issues with many of the same parties at multiple separate conferences.  Many of the issues to be discussed at the conference will need to be addressed in each of the Related Actions, including the terms of an appropriate protective order, privilege issues, potential preservation issues, the format and timing of document production and the appropriate number of depositions and interrogatories.  Moreover, having the Court and the parties consider these issues at the same time in all Related Actions will ensure consistency and efficiency across related cases.  See, e.g., In re Foot Locker, 787 F. Supp. 2d at 1365; In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig., 560 F. Supp. 2d 1388, 1389 (J.P.M.L. 2008) (centralizing cases to "ensure streamlined resolution of this litigation to the overall benefit of the parties and

the judiciary" where the "actions revolve around the same core of factual issues").

Furthermore, having a coordinated pre-trial conference will permit the Court to determine

where there are areas of discovery that can also be coordinated among the Related

Actions.

For the foregoing reasons, Defendants respectfully request that the initial

scheduling conference ordered to be held on May 3, 2012 be adjourned until such time as

an initial coordinated pre-trial conference can be held in all Related Actions.

Furthermore, to the extent there are overlapping discovery issues among the Related

Actions, Defendants respectfully request that the Court order coordinated discovery on

those issues.

Dated: April 9, 2012

Respectfully submitted,

THE DEFENDANT J.P. MORGAN SECURITIES
LLC

By    */s/ Jeffrey L. McCormick*
      Jeffrey L. McCormick, Esq., BBO #329740
        jmccormick@robinsondonovan.com
        Direct Fax (413) 452-0327
      Robinson Donovan, P.C.
      1500 Main Street, Suite 1600
      Springfield, Massachusetts 01115
      Phone (413) 732-2301  Fax (413) 785-4658

THE DEFENDANT MERRILL LYNCH, PIERCE,
FENNER & SMITH INC.

By    */s/ Andrea J. Robinson*
        */s/ Brian J. Boyle Jr.*
      Jeffrey B. Rudman, Esq., BBO #433380

Andrea J. Robinson, Esq., BBO #556337
Christopher B. Zimmerman, Esq., BBO #653854
Adam J. Hornstine, Esq., BBO #666296
Brian J. Boyle, Jr., Esq., BBO #676683
  Wilmer Cutler Pickering Hale and Dorr LLP
  60 State Street
  Boston, MA 02109
  Phone (617) 526-6000  Fax (617) 526-5000


THE DEFENDANT DEUTSCHE BANK
SECURITIES INC.


By   */s/ Kathy B. Weinman*

Kathy B. Weinman, Esq., BBO #541993
Azure Abuirmeileh, Esq., BBO #670325
  kweinman@collorallp.com
  aabuirmeileh@collorallp.com
Collora LLP
600 Atlantic Avenue
Boston, Massachusetts 02210
Phone (617) 371-1000  Fax (617) 371-1037

Of Counsel:

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
  Simpson Thacher @ Bartlett LLP
  425 Lexington Avenue
  New York, New York 10017
  Phone (212) 455-2000  Fax (212) 455-2502


THE DEFENDANT GOLDMAN, SACHS & CO.


By   */s/ Mark A. Berhiaume*

Mark A. Berthiaume, Esq. BBO #041715
Zachary C. Kleinsasser, Esq., BBO #664291
  berthiaumem@gtlaw.com
  kleinsasserz@gtlaw.com
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Phone (617) 310-6000  Fax (617) 310-6001

Of Counsel:

Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Stephanie G. Wheeler (wheelers@sullcrom.com)
  Sullivan & Cromwell LLP
  125 Broad Street
  New York, NY 10004-2498
  Phone (212) 558-4000  Fax (212) 558-3588


THE DEFENDANT RBS SECURITIES INC.


By   */s/ Kathy B. Weinman*
   Kathy B. Weinman, Esq., BBO #541993
   Azure Abuirmeileh, Esq., BBO #670325
     kweinman@collorallp.com
     aabuirmeileh@collorallp.com
   Collora LLP
   600 Atlantic Avenue
   Boston, Massachusetts 02210
   Phone (617) 371-1000  Fax (617) 371-1037

Of Counsel:

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
  Simpson Thacher @ Bartlett LLP
  425 Lexington Avenue
  New York, New York 10017
  Phone (212) 455-2000  Fax (212) 455-2502

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated on non-registered participants on this 9th day of April, 2012.

Jeffrey L. McCormick, Esq.