**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC.; J.P. MORGAN SECURITIES LLC; AND RBS SECURITIES, INC., )<br>)<br>Defendants. ) | No. 11-cv-30285-MAP-KPN |

**MASSMUTUAL'S OPPOSITION TO DEFENDANTS'**
**MOTION TO ADJOURN INITIAL SCHEDULING CONFERENCE**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") submits this opposition to Defendants' Motion to Adjourn the Initial Scheduling Conference (the "Motion"). There is no reason to delay moving this action forward: discovery is likely to be complex and time-consuming, and the parties and the Court will need as much time as possible to bring this case (and the other ten actions filed by MassMutual involving different securitizations) to trial. Defendants apparently would prefer that the Court refrain from moving forward in any of the MassMutual actions until all 11 actions have progressed to the same point, but this "slowest-common denominator" approach would serve no purpose other than allowing Defendants to avoid discovery and frustrating MassMutual's ability to resolve its claims.

Contrary to the statements in Defendants' Motion, there are material differences among the 11 actions MassMutual has filed in this Court. Each of the actions will present substantially

1

different discovery issues and proceed at a different pace.  Although MassMutual will attempt to coordinate discovery when possible to achieve efficiencies, coordination should not be used as a tool to introduce unnecessary discovery delays.  MassMutual respectfully requests that the Court deny the Motion or, alternatively, set a single date in May for the initial scheduling conferences in all 11 actions so that discovery may begin.

## BACKGROUND

This action is one of 11 actions that MassMutual has filed in the District of Massachusetts before the Honorable Michael A. Ponsor arising from its purchases of residential mortgage-backed securities.  To create residential mortgage-backed securities, a Sponsor either originates residential mortgage loans or acquires them from one or more Originators.  The Sponsor then transfers the mortgage loans to a Depositor, which securitizes the loans by forming one or more mortgage pools and creating tranches of interests in the mortgage pools with various levels of seniority.  Interests in these tranches are then issued as part of a securitization by the Depositor through a trust in the form of Certificates.  One or more Underwriters work with the Sponsor and Depositor to market and sell the Certificates to investors, such as MassMutual.

MassMutual has alleged that the Certificates were sold by means of false and misleading offering materials that misrepresented the underwriting standards applicable to the underlying mortgage loans, the appraisal standards used to value the mortgaged properties, and the resulting loan-to-value ratios.  In each of its 11 actions, MassMutual has asserted a claim for primary liability under Section 410(a)(2) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act") against defendants that sold the Certificates using false or misleading statements, and a claim for control person liability under Section 410(b) of the Massachusetts Securities Act against certain individual officers.

For purposes of defendants' motions to dismiss MassMutual's complaints, the Court characterized MassMutual's actions as "nearly identical" because they involve the same claims and the same categories of misrepresentations that raised common legal issues at the pleading stage. For purposes of discovery, however, the actions are very different. To understand why the actions present different discovery issues and need not await the slowest-moving case, it is important to recognize that each of MassMutual's actions involves different securitizations, different loan pools, different offering materials, and different due diligence defenses that will be the focus of very different discovery:

1.      <u>This Action and the Residential Funding Company Action (Case Nos. 11-cv-30035 and 11-cv-30285)</u>: To justify a single conference across all 11 actions, the Motion relies primarily upon purported similarities between this action and one other action filed by MassMutual, the Residential Funding Company Action that was initially based on some of the same securitizations at issue in this action. As Defendants fail to acknowledge, however, these two actions are unlike the other actions filed by MassMutual.

On February 9, 2011, MassMutual filed the Residential Funding Company Action based on its purchases of Certificates in 18 securitizations sponsored by Residential Funding Company, LLC ("Residential Funding"). The Residential Funding Company Action named some, but not all, Underwriters of the securitizations as defendants (in addition to the Sponsors, Depositors, and their officers). On December 29, 2011, MassMutual filed this action against the remaining Underwriters based on its purchases of Certificates in 12 of the 18 securitizations. There is no overlap of defendants between these two actions because the very purpose of this action was to add Underwriters that had not been named in the original Residential Funding Company Action.

After the Court's February 14, 2012 Order denying in substantial part the motions to dismiss, but limiting MassMutual's claims to those against Underwriters and their control persons, these two actions became materially different. The Residential Funding Company Action now involves claims against Residential Funding Securities, LLC and UBS Securities LLC based on their sales of Certificates in only five securitizations sponsored by Residential Funding. This action, on the other hand, involves claims against five different Underwriters (Goldman, Sachs & Co., J.P. Morgan Securities LLC, RBS Securities Inc., Merrill Lynch, Pierce, Fenner & Smith Inc., and Deutsche Bank Securities Inc.) based on 12 different securitizations. Contrary to the Motion's representations to the contrary, *see* Motion at 5, the two actions no longer involve the same securitizations, Certificates, underlying mortgage loans, or offering materials.

      2.      <u>The Deutsche Bank Action (Case No. 11-cv-30039)</u>: MassMutual filed the Deutsche Bank Action on February 16, 2011 asserting claims based on its purchases of Certificates in 11 securitizations sponsored by DB Structured Products, Inc. ("DB Products"). DB Products used two Depositors (Deutsche Alt-A Securities, Inc. and ACE Securities Corp.) to issue the Certificates. The Sponsor, Depositors, and securitizations in the Deutsche Bank Action are entirely different from those in MassMutual's other actions. After the Court's February 14, 2012 Order, the Deutsche Bank Action asserts a Section 410(a)(2) claim against Deutsche Bank Securities Inc., the Underwriter for all 11 securitizations that sold the Certificates to MassMutual. MassMutual also has a pending motion to amend to reassert Section 410(b) claims against Anilesh Ahuja, Michael Commaroto, Richard D'Albert, and Richard Ferguson. These individuals have not opposed the motion to amend.

3. <u>The RBS Action (Case No. 11-cv-30044)</u>: MassMutual filed the RBS Action on February 24, 2011 asserting claims based on its purchases of Certificates in 10 securitizations sponsored by RBS Financial Products Inc. ("RBS"). RBS used two related Depositors (RBS Acceptance Inc. and Financial Asset Securities Corp.) to issue the Certificates. The Sponsor, Depositors, and securitizations in the RBS Action are entirely different from those in MassMutual's other actions. After the Court's February 14, 2012 Order, the RBS Action asserts a Section 410(a)(2) claim against RBS Securities Inc., the Underwriter for all 10 securitizations that sold the Certificates to MassMutual, and Section 410(b) claims against Joseph N. Walsh III, Robert J. McGinnis, Carol P. Mathis, and James M. Esposito.

4. <u>The DLJ/Credit Suisse Action (Case No. 3:11-cv-30047)</u>: MassMutual filed the DLJ/Credit Suisse Action on February 25, 2011 asserting claims based on its purchases of Certificates in nine securitizations sponsored by DLJ Mortgage Capital, Inc. ("DLJ"). DLJ used one Depositor (Credit Suisse First Boston Mortgage Securities Corp.) to issue the Certificates. The Sponsor and securitizations in the DLJ/Credit Suisse Action are entirely different from those in MassMutual's other actions. After the Court's February 14, 2012 Order, the DLJ/Credit Suisse Action asserts a Section 410(a)(2) claim against Credit Suisse Securities (USA) LLC, the Underwriter for all nine securitizations that sold the Certificates to MassMutual. MassMutual also has a pending motion to amend to reassert a Section 410(b) claim against Jeffrey A. Altabef. Mr. Altabef has not opposed the motion to amend.

5. <u>The Taylor Bean Action (Case No. 3:11-cv-30048)</u>: MassMutual filed the Taylor Bean Action on February 25, 2011 asserting claims based on its purchases of Certificates in four securitizations sponsored by Taylor, Bean & Whitaker Mortgage Corp. ("Taylor Bean"). Taylor Bean transferred the mortgage loans to two unrelated Depositors (Credit Suisse First Boston

5

Mortgage Securities Corp. and Mortgage Asset Securitization Transactions, Inc.) to issue the Certificates. The Sponsor and securitizations in the Taylor Bean Action are entirely different from those in MassMutual's other actions. After the Court's February 14, 2012 Order, the Taylor Bean Action asserts Section 410(a)(2) claims against Credit Suisse Securities (USA) LLC and UBS Securities LLC, the Underwriters for the four securitizations that sold the Certificates to MassMutual. MassMutual also has a pending motion to amend to reassert Section 410(b) claims against Jeffrey A. Altabef and Per Dyrvik. These individuals have not opposed the motion to amend.

6.      <u>The JPMorgan Action (Case No. 11-cv-30094)</u>: MassMutual filed the JPMorgan Action on April 8, 2011 asserting claims based on its purchases of Certificates in 33 securitizations sponsored by J.P. Morgan Acquisition Corp., EMC Mortgage Corp., Alesco Loan Holdings Trust, Washington Mutual Bank, and Washington Mutual Mortgage Securities Corp. These Sponsors used one of four Depositors (JP Morgan Acceptance Corporation I, Structured Assert Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, and WaMu Asset Acceptance Corp.) to issue the Certificates. The Sponsors and securitizations in the JPMorgan Action are entirely different from those in MassMutual's other actions. After the Court's February 14, 2012 Order, the JPMorgan Action asserts Section 410(a)(2) claims against J.P. Morgan Securities LLC, as successor to J.P. Morgan Securities Inc. and Bear, Stearns & Co. Inc., and WaMu Capital Corporation, the Underwriters for all 33 securitizations that sold the Certificates to MassMutual. The action also asserts Section 410(b) claims against Jeffrey Mayer, Joseph T. Jurkowski, Jr., Samuel L. Molinaro, Jr., Jeffrey L. Verschleiser, Michael B. Nierenberg, Thomas F. Marano, David Beck, and Diane Novak. MassMutual has a pending motion to amend to reassert Section 410(b) claims against David M. Duzyk, Louis Schioppo, Jr.,

William A. King, and Matthew E. Perkins.  These individuals have not taken any position on the substance of the motion to amend.

7. <u>The American Home Action (Case No. 3:11-cv-30126)</u>:  MassMutual filed the American Home Action on May 5, 2011 asserting claims based on its purchases of Certificates in six securitizations sponsored by American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., and Goldman Sachs Mortgage Company.  These Sponsors worked with one of three Depositors (American Home Mortgage Securities LLC, American Home Mortgage Assets LLC, and Bear Stearns Asset Backed Securities I LLC) to issue the Certificates.  The Sponsors and securitizations in the American Home Action are entirely different from those in MassMutual's other actions.  After the Court's February 14, 2012 Order, the American Home Action asserts Section 410(a)(2) claims against J.P. Morgan Securities LLC, as successor to Bear, Stearns & Co. Inc., Barclays Capital Inc., Goldman Sachs, & Co., and UBS Securities LLC, the Underwriters for all six securitizations that sold the Certificates to MassMutual.  The action also asserts Section 410(b) claims against Joseph T. Jurkowski, Jr., Samuel L. Molinaro, Jr., and Thomas F. Marano.  MassMutual has opposed defendants' proposed dismissal of Matthew E. Perkins.

8. <u>The Impac Action (Case No. 3:11-cv-30127)</u>:  MassMutual filed the Impac Action on May 6, 2011 asserting claims based on its purchases of Certificates in two securitizations sponsored by Impac Funding Corp. ("Impac").  Impac used its related Depositor (Impac Secured Assets Corp.) to issue the Certificates.  The Sponsor, Depositor, and securitizations in the Impac Action are entirely different from those in MassMutual's other actions.  After the Court's February 14, 2012 Order, the Impac Action asserts a Section

410)(a)(2) claim against J.P. Morgan Securities LLC, as successor to Bear, Stearns & Co. Inc., the Underwriter for both securitizations that sold the Certificates to MassMutual.

  9. <u>The HSBC Action (Case No. 3:11-cv-30141)</u>:  MassMutual filed the HSBC Action on May 20, 2011 asserting claims based on its purchases of Certificates in three securitizations sponsored by HSBC Bank USA, N.A. ("HSBC Bank").  HSBC Bank used its related Depositor (HSI Asset Securitization Corporation) to issue the Certificates.  The Sponsor, Depositor, and securitizations in the HSBC Action are entirely different from those in MassMutual's other actions.  After the Court's February 14, 2012 Order, the HSBC Action asserts a Section 410(a)(2) claim against HSBC Securities (USA), Inc., the Underwriter for all three securitizations that sold the Certificates to MassMutual, and Section 410(b) claims against Neal Leonard, Gerard Mattia, Todd White, and Jon Voigtman.

  10. <u>The Bank of America Action (Case No. 3:11-cv-30215)</u>:  MassMutual filed an amended complaint in the Bank of America Action on November 30, 2011.  A portion of the action was transferred to the Countrywide MDL in the Central District of California, and the remaining portion of the action before this Court asserts claims based on MassMutual's purchases of Certificates in four securitizations sponsored by Bank of America, N.A. and Merrill Lynch Mortgage Lending, Inc.  Each of these Sponsors used its related Depositor (Merrill Lynch Mortgage Investors, Inc. or Banc of America Funding Corporation) to issue the Certificates.  The Sponsors, Depositors, and securitizations in the Bank of America Action are entirely different from those in MassMutual's other actions.  After application of the Court's February 14, 2012 Order, the action asserts Section 410(a)(2) claims against Banc of America Securities LLC and Merrill Lynch, Pierce, Fenner & Smith, Inc., the Underwriters for the four securitizations that sold the Certificates to MassMutual.  MassMutual also has a pending motion to amend to reassert

Section 410(b) claims against Mark I. Ryan and George G. Ellison. These individuals have not opposed the motion to amend.

## ARGUMENT

To prove its claims under the Massachusetts Securities Act, MassMutual must establish that there was a misrepresentation or omission in connection with the sale of the Certificates at issue in the particular action. Mass. Gen. Law ch. 110A, §§ 410(a)(2), 410(b). Because each of the 11 actions filed by MassMutual involves different Certificates in different securitizations involving different Sponsors and offering materials, discovery in each of the actions will be substantially different. Although MassMutual will seek to coordinate discovery when possible, it opposes any request for coordination that unnecessarily delays discovery in any action, including the Motion's request to adjourn the scheduling conference in this Action.

Defendants contend a coordinated initial scheduling conference is necessary because of the "substantial overlap in discovery issues" across the 11 cases. *See* Motion at 4. As set forth above, however, different securitizations and offering materials give rise to MassMutual's claims in each of the 11 cases. In each of the cases, MassMutual bases its claims on the purchase of different Certificates in different securitizations that were collateralized by different pools of underlying mortgage loans and sold using different offering materials. In arguing that there is overlap among the transactions at issue, Defendants cite only this Action and the Residential Funding Company Action as having overlapping transactions. *See* Motion at 5. As Defendants impliedly concede, the transactions in the remaining nine actions do not overlap at all. Moreover, even in this Action and the Residential Funding Company Action, the transactions no longer overlap after the Court's February 14, 2012 Order allowing claims to proceed only against the Underwriters that sold the specific Certificates. The Underwriters in this Action sold

different Certificates than the Underwriters in the Residential Funding Company Action, so there is no longer any overlap even in the two cases Defendants cite.

The fact that each of the 11 actions is based on different securitizations and offering materials will impact discovery substantially, even with respect to an Underwriter that may be named as a defendant in multiple actions.  Although there will be some common discovery involving, for example, an Underwriter's policies and procedures, the bulk of discovery will focus on the specific Certificates and securitizations marketed and sold by the Underwriter.  It will also focus on the Underwriter's due diligence with respect to the specific pool of underlying mortgage loans.  This discovery will be different in each of the 11 actions.

Third-party discovery also will be different in each of the 11 actions.  For example, MassMutual must obtain discovery from the Sponsor that originated or acquired the underlying mortgage loans and the Depositor that structured the securitization and issued the Certificates.  Because the number and identity of the Sponsors and Depositors vary widely across the actions, each action will have its own discovery issues and own degree of complexity.  Some actions, such as the HSBC Action, will likely be straightforward, requiring discovery from a single Sponsor and Depositor, both of which are corporate affiliates of the Underwriter defendant.  Other actions, such as the JPMorgan or American Home Action, will be more complex, requiring discovery from multiple Sponsors and Depositors that are unaffiliated with the Underwriter defendants.  The complexity may increase when the Sponsors are in bankruptcy (American Home Mortgage Acceptance, Inc. and American Home Mortgage Corp.) or receivership (Washington Mutual Bank).

Ultimately, each of the actions will require a different discovery plan and schedule.  It therefore does not make sense to delay the initial scheduling conference in this Action or

otherwise grant Defendants' request to have all actions await the slowest one. If the Court does decide to hold scheduling conferences in all 11 actions on a single day, MassMutual respectfully requests that the conferences be set for the first available date in May to avoid further delays. In all actions, all Underwriters (and all individuals not subject to motions to amend) have answered. The motions to amend are largely unopposed and seek to reassert claims against individuals affiliated with the Underwriter defendants that undisputedly already are parties to each respective action. The addition of these individual claims will have a minimal impact on discovery, and the parties can anticipate the impact on the discovery plan in each action and supplement it when the individual claims are reasserted.[1]

## CONCLUSION

For the foregoing reasons, MassMutual respectfully requests that the Motion to Adjourn the Initial Scheduling Conference be denied or that a single date in May be set for scheduling conferences in each of the 11 actions.

DATED: April 17, 2012         EGAN, FLANAGAN AND COHEN, P.C.

By:  /s/ Edward J. McDonough Jr.
Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com; ses@efclaw.com

---

[1] Similarly, MassMutual's anticipated filing of motions to strike certain defenses and affirmative defenses (and some Defendants' possible filing of amended answers) should not delay the scheduling conferences. Although the amended answers and motions to strike may narrow the discovery that can be directed to MassMutual, they will not alter the parties from whom discovery will be sought or the overall discovery plans and schedules.

                      MASSACHUSETTS MUTUAL LIFE
                      INSURANCE COMPANY

                              Mark Roellig (BBO 669117)
                              Executive Vice President and General Counsel
                              Bernadette Harrigan (BBO 635103)
                              Assistant Vice President & Counsel
                              Eleanor P. Williams (BBO 667201)
                              Assistant Vice President & Counsel
                              Massachusetts Mutual Life Insurance Company
                              1295 State Street
                              Springfield, Massachusetts  01111
                              Telephone:  (413) 788-8411
                              Fax:  (413) 226-4268
                              bharrigan@massmutual.com;

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of April, 2012.

                */s/ Edward J. McDonough Jr.*
                _____
                Edward J. McDonough Jr.