**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC; J.P. MORGAN SECURITIES LLC; and RBS SECURITIES INC.,<br><br>       Defendants. | Civil Action No. 3:11-30285-MAP |

**MASSMUTUAL'S MOTION TO STRIKE
CERTAIN PURPORTED DEFENSES**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking the following defenses and affirmative defenses asserted in the Amended Answers of Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), Deutsche Bank Securities Inc. ("Deutsche Bank"), Goldman, Sachs & Co., Inc. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan

1

Securities"), and RBS Securities Inc. ("RBS Securities") (collectively, "Defendants") in their respective Amended Answers:

- Fifth Defense (Merrill Lynch);

- Sixth Defense (Merrill Lynch, to the extent it asserts that MassMutual "should have known" of the misrepresentations, and J.P. Morgan Securities);

- Eighth Defense (J.P. Morgan Securities, to the extent it asserts that MassMutual "should have known" of the misrepresentations);

- Tenth Defense (Goldman Sachs);

- Eleventh Defense (RBS Securities, Deutsche Bank, and Goldman Sachs (to the extent it purports to assert a loss causation defense));

- Twelfth Defense (Goldman Sachs, Merrill Lynch, RBS Securities (to the extent it asserts that MassMutual "should have known" of the misrepresentations), Deutsche Bank (same), and J.P. Morgan Securities (to the extent it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions));

- Thirteenth Defense (Merrill Lynch);

- Fourteenth Defense (J.P. Morgan Securities, to the extent it asserts that MassMutual had "constructive knowledge" or "assumed the risks," and Goldman Sachs, to the extent it purports to assert a loss causation defense);

- Fifteenth Defense (Goldman Sachs, RBS Securities and Deutsche Bank);

- Sixteenth Defense (Goldman Sachs, to the extent it purports to assert a loss causation defense);

- Seventeenth Defense (Goldman Sachs, Merrill Lynch, J.P. Morgan Securities, RBS Securities (to the extent it purports to assert a loss causation defense), and Deutsche Bank (same));

- Eighteenth Defense (Merrill Lynch and Goldman Sachs, to the extent the latter asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements and omissions);

- Nineteenth Defense (J.P. Morgan Securities, RBS Securities (to the extent it asserts that MassMutual had "constructive knowledge" or "assumed the risk"), and Deutsche Bank (same));

- Twentieth Defense (J.P. Morgan Securities, Merrill Lynch, Goldman Sachs (to the extent it asserts that MassMutual had "constructive knowledge" or "assumed the risk"), RBS Securities (to the extent it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions), and Deutsche Bank (same));

- Twenty-First Defense (Goldman Sachs);

- Twenty-Third Defense (J.P. Morgan Securities);

- Twenty-Sixth Defense (RBS Securities and Deutsche Bank); and

- Twenty-Seventh Defense (Merrill Lynch, to the extent it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions).

This Motion should be granted because, as more fully explained in MassMutual's accompanying Memorandum of Law, each of the above defenses is a legally invalid defense to the single straightforward claim asserted against Defendants under the Massachusetts Uniform Securities Act. Each purported defense presents no question of law or fact that might allow Defendants to prevail, and threatens to burden MassMutual and the Court by unnecessarily broadening the scope of discovery and even trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Law in support thereof, the pleadings and records on file in this action, any matters of which the Court may take judicial notice, and any further argument as may be present on this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7(a)(2), which took place on April 12, 2012.

DATED: May 9, 2012         EGAN, FLANAGAN AND COHEN, P.C.
                           By:    /s/ Edward J. McDonough Jr.
                           Edward J. McDonough Jr. (BBO 331590)
                           Stephen E. Spelman (BBO 632089)
                           Egan, Flanagan and Cohen, P.C.
                           67 Market Street, P.O. Box 9035
                           Springfield, Massachusetts  01102
                           Telephone:  (413) 737-0260

                Fax:  (413) 737-0121
                ejm@efclaw.com;
                ses@efclaw.com

                MASSACHUSETTS MUTUAL LIFE
                INSURANCE COMPANY

                Mark Roellig (BBO 669117)
                Executive Vice President and General Counsel
                Bernadette Harrigan (BBO 635103)
                Assistant Vice President & Counsel
                Eleanor P. Williams (BBO 667201)
                Assistant Vice President & Counsel
                Massachusetts Mutual Life Insurance Company
                1295 State Street
                Springfield, Massachusetts  01111
                Telephone:  (413) 788-8411
                Fax:  (413) 226-4268
                bharrigan@massmutual.com;
                ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

                               */s/ Edward J. McDonough Jr.*
                                 _____
                                 Edward J. McDonough Jr.