# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC; J.P. MORGAN SECURITIES LLC; and RBS SECURITIES INC.,<br><br>Defendants. | Civil Action No. 3:11-30285-MAP |

## MASSMUTUAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL STANDARD...............................................................................................................3

ARGUMENT .........................................................................................................................4

     A.     The Purported Defenses That Defendants Neither Owed Nor Breached a
          Duty Are Inapplicable and Contrary to Section 410..................................................5

     B.     The Purported Defenses Disputing MassMutual's Reliance Are Improper ............6

     C.     The Purported Defenses Seeking to Reduce MassMutual's Recovery
          Based on Fault Allegedly Attributable to Others Are Contrary to Section
          410.............................................................................................................................7

     D.     The Defenses Purporting to Challenge Loss Causation Are Improper....................8

     E.     The Purported Defenses That MassMutual "Failed . . . to Mitigate" Are
          Inapplicable to Section 410 Claims .........................................................................9

     F.     The Purported Defenses Raising Laches, Equitable Estoppel, Waiver, *In
          Pari Delicto*, Unclean Hands, and "Other Related Equitable Doctrines"
          Are Inapplicable to These Statutory Claims .........................................................10

     G.     The Purported Defenses Asserting That MassMutual "Should Have
          Known," "Had Constructive Knowledge," or "Assumed the Risk" Are
          Contrary to Law .....................................................................................................11

CONCLUSION......................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Access Cardiosystems, Inc.*,
404 B.R. 593 (Bankr. D. Mass. 2009) ...................................................................6

*Allapattah Servs., Inc. v. Exxon Corp.*,
372 F. Supp. 2d 1344 (S.D. Fla. 2005) ...............................................................4

*DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*,
2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ...............................................3, 7, 11

*FDIC. v. Gladstone*,
44 F. Supp. 2d 81 (D. Mass. 1999) ...............................................................3, 7, 11

*FDIC. v. Pelletreau & Pelletreau*,
965 F. Supp. 381 (E.D.N.Y. 1997) .....................................................................4

*In re Gabapentin Patent Litig.*,
648 F. Supp. 2d 641 (D.N.J. 2009) ...................................................................3, 8

*Go2net, Inc. v. Freeyellow.com, Inc.*,
143 P.3d 590 (Wash. 2006)...............................................................................10

*Jones v. Miles*,
656 F.2d 103 (5th Cir. 1981) ...........................................................................10

*LeClair v. Norwell*,
719 N.E.2d 464 (Mass. 1999) ...........................................................................9

*Marram v. Kobrick Offshore Fund, Ltd.*,
809 N.E.2d 1017 (Mass. 2004) ...............................................4, 5, 6, 8, 10, 11, 12

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
2005 WL 1563332 (E.D. Wis. June 30, 2005).....................................................11

*Owens v. UNUM Life Ins. Co.*,
285 F. Supp. 2d 778 (E.D. Tex. 2003) .................................................................3

*Soc'y of Lloyd's v. Hamilton*,
501 F. Supp. 2d 248 (D. Mass. 2007) ..................................................................3

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
252 F.3d 316 (4th Cir. 2001) ............................................................................4

*Zurich Am. Ins. Co. v. Watts Regulator Co.*,
796 F. Supp. 2d 240 (D. Mass. 2011) ..................................................................3

**<u>Rules/Statutes</u>**

15 U.S.C. § 77k(f)(2)(A)....................................................................................................7

15 U.S.C. § 78u-4(f)(2)(B)(i)............................................................................................7

15 U.S.C. § 78u-4(f)(3)(A)(ii) ..........................................................................................7

15 U.S.C. § 78u-4(f)(10)(C)(i)..........................................................................................7

Federal Rule of Civil Procedure 12(f) ...........................................................................3, 4

Mass. Gen. L. ch. 110A, § 410(a) ...................................................1, 4, 5, 6, 7, 8, 9, 10

Mass. Gen. L. ch. 110A, § 410(c)......................................................................................9

Mass. Gen. L. ch. 110A, § 410(g)....................................................................................10

**<u>Other Authorities</u>**

5C Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 1381 (3d ed. 2012) ............................................4

Roger J. Magnuson,
    1 *Shareholder Litigation* § 5:9: Section 12(2) -Defenses (2011) ......................10, 12

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this memorandum of law in support of its motion to strike certain purported defenses asserted by Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), Deutsche Bank Securities Inc. ("Deutsche Bank"), Goldman, Sachs & Co., Inc. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan Securities"), and RBS Securities Inc. ("RBS Securities") (collectively, "Defendants") in their respective Amended Answers.

## PRELIMINARY STATEMENT

This motion to strike is narrowly targeted to remove from Defendants' Amended Answers a series of boilerplate and legally inapplicable "defenses."  The extraneous defenses threaten to complicate this relatively straightforward case and to expand discovery (and perhaps even trial) into irrelevant areas.

The Amended Answers are Defendants' second attempt to plead viable defenses to MassMutual's single cause of action under Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act").  Defendants voluntarily amended their original answers to eliminate or revise certain defenses after MassMutual notified them that it intended to move to strike obviously inapplicable defenses.

Despite the revisions, the Amended Answers are each still reflexively loaded with approximately 30 purported defenses, many of which are legally irrelevant to MassMutual's claims.  MassMutual asserts just one claim against Defendants for material misrepresentations in the sale of mortgage-backed securities to MassMutual.  It is settled law that, once MassMutual shows a material misrepresentation, the defenses available to this claim are extremely limited.

To focus this case on its actual issues, and to remove the irrelevant and legally invalid issues Defendants' Amended Answers continue to seek to interject, MassMutual respectfully requests that the following purported defenses, including affirmative defenses, be stricken from

the identified parties' Amended Answers:  Fifth Defense (Merrill Lynch); Sixth Defense (Merrill

Lynch, to the extent it asserts that MassMutual "should have known" of the misrepresentations,

and J.P. Morgan Securities); Eighth Defense (J.P. Morgan Securities, to the extent it asserts that

MassMutual "should have known" of the misrepresentations); Tenth Defense (Goldman Sachs);

Eleventh Defense (RBS Securities, Deutsche Bank, and Goldman Sachs (to the extent it purports

to assert a loss causation defense)); Twelfth Defense (Goldman Sachs, Merrill Lynch, RBS

Securities (to the extent it asserts that MassMutual "should have known" of the

misrepresentations), Deutsche Bank (same), and J.P. Morgan Securities (to the extent it asserts

that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions));

Thirteenth Defense (Merrill Lynch); Fourteenth Defense (J.P. Morgan Securities, to the extent it

asserts that MassMutual had "constructive knowledge" or "assumed the risks," and Goldman

Sachs, to the extent it purports to assert a loss causation defense); Fifteenth Defense (Goldman

Sachs, RBS Securities and Deutsche Bank); Sixteenth Defense (Goldman Sachs, to the extent it

purports to assert a loss causation defense); Seventeenth Defense (Goldman Sachs, Merrill

Lynch, J.P. Morgan Securities, RBS Securities (to the extent it purports to assert a loss causation

defense), and Deutsche Bank (same)); Eighteenth Defense (Merrill Lynch and Goldman Sachs,

to the extent the latter asserts that MassMutual did not "reasonably or justifiably rely" on the

misstatements and omissions); Nineteenth Defense (J.P. Morgan Securities, RBS Securities (to

the extent it asserts that MassMutual had "constructive knowledge" or "assumed the risk"), and

Deutsche Bank (same)); Twentieth Defense (J.P. Morgan Securities, Merrill Lynch, Goldman

Sachs (to the extent it asserts that MassMutual had "constructive knowledge" or "assumed the

risk"), RBS Securities (to the extent it asserts that MassMutual did not "reasonably or justifiably

rely" on the misstatements or omissions), and Deutsche Bank (same)); Twenty-First Defense

(Goldman Sachs); Twenty-Third Defense (J.P. Morgan Securities); Twenty-Sixth Defense (RBS Securities and Deutsche Bank); and Twenty-Seventh Defense (Merrill Lynch, to the extent it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions).

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Where, as here, a defendant's answer asserts purported defenses that cannot succeed, a motion to strike "serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case."  *DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted); *see also In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 648 (D.N.J. 2009) (motions to strike "may serve to hasten resolution of cases by eliminating the need for discovery which in turn saves time and litigation expenses") (internal quotations omitted); *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003) ("If the determination of invalidity [of an affirmative defense] can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture.").

Courts "possess considerable discretion" in granting motions to strike.  *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011).  Defenses or affirmative defenses are properly stricken when they present no question of law or fact that might allow the defendant to prevail, and would burden the plaintiff or the court by, for example, unnecessarily broadening the scope of discovery or trial.  *See In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648; *see also FDIC. v. Gladstone*, 44 F. Supp. 2d 81, 90 (D. Mass. 1999) (striking defense where "Massachusetts law is clear" that it was not available in given circumstances); *Soc'y of*

*Lloyd's v. Hamilton*, 501 F. Supp. 2d 248, 252 (D. Mass. 2007) (striking extraneous affirmative

defenses where the controlling statute "specifically limits the defenses that may be raised");

*FDIC. v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997) ("Increased time and

expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to

strike.").  Further, any defense that "might confuse the issues in the case and would not, under

the facts alleged, constitute a valid defense to the action" is "particularly vulnerable to a Rule

12(f) motion."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

1381 (3d ed. 2012).  Such defenses "can and should be deleted."  *Waste Mgmt. Holdings, Inc. v.

Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (affirming order granting motion to strike affirmative

defense that was invalid as a matter of law); *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp.

2d 1344, 1371 (S.D. Fla. 2005) (same).

## ARGUMENT

MassMutual has asserted a single claim against Defendants for primary liability under

Section 410(a) of the Massachusetts Securities Act.  *See* Compl. ¶¶ 159-166.  This claim has a

limited number of straightforward elements.

To recover under Section 410(a), MassMutual need only prove that the defendant offered

or sold a security in Massachusetts using an untrue statement or omission of a material fact,

MassMutual purchased the security from the defendant, and MassMutual did not know of the

untruth or omission.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram v. Kobrick Offshore

Fund, Ltd.*, 809 N.E.2d 1017, 1026 (Mass. 2004).  Critically, MassMutual's level of

sophistication, its reliance or lack of reliance on the misrepresentation or omission, the

defendants' degree of scienter, and loss causation or lack of loss causation are all irrelevant.  *See

Marram*, 809 N.E.2d at 1025-27.

In light of the above, Defendants may present only a narrow range of defenses to MassMutual's Section 410 claim. They may challenge the elements of the claim or raise two statutory affirmative defenses (along with a narrow range of other defenses, if viable, such as statute of limitations or personal jurisdiction, which were previously argued to the Court). *See Marram*, 809 N.E.2d at 1027. For the statutory affirmative defenses, Defendants may seek to prove that MassMutual was actually aware of the misrepresentation or omission or that a defendant did not know, and in the exercise of reasonable care could not have known, of the untruth or omission. *See id.* at 1027-28.

Despite these limitations, Defendants' Amended Answers include a host of legally invalid defenses that threaten to broaden the scope of discovery and trial. These improper defenses should be stricken.

### A. The Purported Defenses That Defendants Neither Owed Nor Breached a Duty Are Inapplicable and Contrary to Section 410

All Defendants assert the following defense: "Plaintiff's claims are barred in whole or in part because [Defendant] neither owed nor breached any duty to Plaintiff." RBS Securities Amended Answer at 29 (Eleventh Defense); Deutsche Bank Amended Answer at 31 (Eleventh Defense); *see also* Merrill Lynch Amended Answer at 35-36 (Fifth Defense); Goldman Sachs Amended Answer at 41-42 (Tenth Defense); J.P. Morgan Securities Amended Answer at 24-25 (Sixth Defense). This defense should be stricken because the argument that there was "no duty" to make accurate disclosures is foreclosed by Section 410.

Defendants' purely statutory liability is not premised on any common law duty of care or disclosure. Rather, MassMutual has asserted a single claim under the Massachusetts Securities Act, which establishes liability for any person who offers or sells a security by means of a false or misleading statement. Mass. Gen. L. ch. 110A, § 410(a)(2); *Marram*, 809 N.E.2d at 1026.

5

Once MassMutual has shown that there were materially false and misleading statements in the offering materials, it need not prove that Defendants owed it a "duty," and "no duty" is not a valid defense.

Similarly, the assertion by Merrill Lynch, Goldman Sachs, and J.P. Morgan Securities that Defendants had "no duty to verify . . . information" is not a valid defense. *See* Merrill Lynch Amended Answer at 35-36 (Fifth Defense); Goldman Sachs Amended Answer at 41-42 (Tenth Defense); J.P. Morgan Securities Amended Answer at 24-25 (Sixth Defense). Section 410(a) makes Defendants liable for false and misleading statements in the offering materials unless they "sustain the burden of proof" that they did not know, and *in exercise of reasonable care could not have known*, of the false or misleading statement. This section therefore imposes a statutory "duty" that Defendants exercise reasonable care in reviewing information in the offering materials to avoid liability. The inapplicable "no duty" defenses should be stricken.

### B.   The Purported Defenses Disputing MassMutual's Reliance Are Improper

All Defendants assert that "Plaintiff's claims are barred in whole or in part because . . . Plaintiff did not reasonably or justifiably rely on any alleged misstatements or omissions when purchasing the certificates." J.P. Morgan Securities Amended Answer at 26 (Twelfth Defense); *see also* Goldman Sachs Amended Answer at 43 (Eighteenth Defense); Deutsche Bank Amended Answer at 33 (Twentieth Defense); RBS Amended Answer at 30 (Twentieth Defense); Merrill Lynch Amended Answer at 39-40 (Twenty-Seventh Defense).

These defenses based on a purported lack of reasonable or justifiable reliance on the part of MassMutual should be stricken because lack of actual or justifiable reliance is not a defense to claims under Section 410. *See Marram*, 809 N.E.2d at 1026 ("[B]ecause G.L. c. 110A, § 410(a)(2) holds the seller liable for inaccurate disclosure or nondisclosure of material information, '[f]oremost among the elements that the buyer does not have to prove is reliance.'")

(citation omitted); *accord In re Access Cardiosystems, Inc.*, 404 B.R. 593, 648 n.81 (Bankr. D.

Mass. 2009) ("A plaintiff need not prove reliance on the material misrepresentation or omission

to recover for securities fraud under § 410(a)(2)").  The parties should not waste time and

resources litigating this legally invalid defense.  *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*,

2004 WL 635743, at *1.

### C.    The Purported Defenses Seeking to Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others Are Contrary to Section 410

J.P. Morgan Securities, Goldman Sachs, and Merrill Lynch assert: "Plaintiff's claims are

barred in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as

alleged in the Complaint, which Defendant denies, any such injury or damage was caused and

brought about by the acts, conduct or omissions of individuals and/or entities other than

Defendant and, as such, any recovery herein should be precluded or diminished in proportion to

the amount of fault attributable to such other individuals and/or entities."  J.P. Morgan Securities

Amended Answer at 27 (Seventeenth Defense); *see also* Merrill Lynch Amended Answer at 38

(Twentieth Defense); Goldman Sachs Amended Answer at 42 (Fifteenth Defense).  This defense

appears to be imported from the federal securities laws, which in some instances limit a

plaintiff's damages by assessing the defendant's proportionate fault.  *See* 15 U.S.C. §§

77k(f)(2)(A), 78u-4(f)(2)(B)(i), 78u-4(f)(3)(A)(ii), 78u-4(f)(10)(C)(i).

The concept of comparative fault is nowhere to be found in the Massachusetts Securities

Act.  To the contrary, Section 410(a) provides that a seller is liable for the full extent of

rescission or damages.  This defense, which is contrary to the express terms of the statute, should

be stricken.

**D.      The Defenses Purporting to Challenge Loss Causation Are Improper**

Defendants assert that "[t]o the extent Plaintiff has suffered any legally cognizable injury or loss, which Defendant denies, any injury or loss was caused by intervening or superseding events, factors, occurrences, conditions or acts of others and/or other factors and not by the alleged wrongful conduct on the part of Defendant."  J.P. Morgan Securities Amended Answer at 27-28 (Nineteenth Defense); *see also* Merrill Lynch Amended Answer at 37 (Twelfth Defense); Goldman Sachs Amended Answer at 42-43 (Eleventh, Fourteenth, and Sixteenth Defenses, to the extent they purport to assert loss causation defenses, and Twelfth Defense); RBS Securities Amended Answer at 30 (Seventeenth Defense, to the extent it purports to assert a loss causation defense); Deutsche Bank Amended Answer at 32 (Seventeenth Defense, to the extent it purports to assert a loss causation defense).  MassMutual reads these defenses as loss causation defenses, which should be stricken.

The Massachusetts Supreme Judicial Court has made clear that loss causation is not an element of or a defense to claims under Section 410 of the Massachusetts Securities Act.  *See, e.g.*, *Marram*, 809 N.E.2d at 1025 (Section 410 applies "regardless of the actual cause of the investor's loss").  If MassMutual proves that a security was sold by means of a materially false or misleading statement, it is entitled to recovery, regardless if its loss was caused by the false or misleading statement, by Defendants' acts, or by some "intervening or superseding events, factors, occurrences, conditions or acts of others."  Each of these defenses, which purport to assert impermissible loss causation defenses that threaten to expand the scope of discovery and trial, should be stricken.  *See, e.g.*, *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648.

**E.      The Purported Defenses That MassMutual "Failed . . . to Mitigate" Are Inapplicable to Section 410 Claims**

Defendants assert that "Plaintiff's claims are barred, in whole or in part, because it failed to make reasonable efforts to mitigate its alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage."  J.P. Morgan Securities Amended Answer at 28 (Twentieth Defense); *see also* Merrill Lynch Amended Answer at 37 (Thirteenth Defense); Deutsche Bank Amended Answer at 32 (Fifteenth Defense); RBS Securities Amended Answer at 29-30 (Fifteenth Defense); Goldman Sachs Amended Answer at 43 (Seventeenth Defense).  Because Section 410 of the Massachusetts Securities Act sets forth specific formulas for calculating recovery under the statute, a failure to mitigate defense is not available in this case.

Section 410 expressly provides that a securities purchaser is entitled to recover either (i) the consideration paid for the security, plus interest, costs, and reasonable attorneys' fees, less the income received, if the purchaser still owns the security and tenders it (the rescissionary remedy); or (ii) the rescissionary remedy, less the value received upon sale, plus interest from the date of sale, if the purchaser has sold the security.  Mass. Gen. L. ch. 110A, § 410(a)(2).  There is no requirement that a securities purchaser "mitigate" these statutory damages.  To the contrary, the statute explicitly allows a purchaser to make the decision to tender "at any time before entry of judgment."  Mass. Gen. L. ch. 110A, § 410(c).  Defendants cannot rewrite an unambiguous statute using a mitigation defense.  *See, e.g.*, *LeClair v. Norwell*, 719 N.E.2d 464, 470 (Mass. 1999) ("When statutory language is clear and unambiguous it must be construed as written.").  The defense should be stricken..

**F.    The Purported Defenses Raising Laches, Equitable Estoppel, Waiver, *In Pari Delicto*, Unclean Hands, and "Other Related Equitable Doctrines" Are Inapplicable to These Statutory Claims**

Defendants assert that "Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver or other related equitable doctrines."  J.P. Morgan Securities Amended Answer at 28 (Twenty-Third Defense); *see also* Goldman Sachs Amended Answer at 44 (Twenty-First Defense); Merrill Lynch Amended Answer at 38 (Seventeenth Defense); Deutsche Bank Amended Answer at 34 (Twenty-Sixth Defense); RBS Securities Amended Answer at 32 (Twenty-Sixth Defense).  Additionally, Deutsche Bank and RBS Securities contend that MassMutual's claims are barred by the doctrines of "*in pari delicto*" and "unclean hands."  Deutsche Bank Amended Answer at 34 (Twenty-Sixth Defense); RBS Securities Amended Answer at 32 (Twenty-Sixth Defense).  Similarly, Merrill Lynch asserts the additional defense that "Plaintiff's claims are barred in whole or in part because of inequitable conduct."  Merrill Lynch Amended Answer at 38 (Eighteenth Defense).  These boilerplate equitable defenses should not be permitted to expand discovery and trial because they are not viable defenses to MassMutual's statutory claims.

Section 410 expressly provides that its remedies cannot be waived.  *See* Mass. Gen. Laws ch. 110A, § 410(g) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void.").  For that reason, courts have rejected attempts by defendants to assert equitable defenses, such as equitable estoppel, to blue sky claims.  *See Marram*, 809 N.E.2d at 1029 ("[W]aiver by estoppel is waiver defense 'not available in a case involving only violations of Georgia and/or federal securities laws.'") (quoting *Jones v. Miles*, 656 F.2d 103, 106-07 (5th Cir. 1981)); *Go2net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006) (holding that the equitable defenses of waiver and estoppel were not available under Washington's securities act).

Further, Section 410 of the Massachusetts Securities Act makes clear that the only conduct on the part of a plaintiff that will bar a claim is if a defendant proves that the plaintiff was aware of the misrepresentation or omission at the time of purchase.  *See Marram*, 809 N.E.2d at 1027-28.  Even this defense is severely limited, however, because the plaintiff does not have "any duty to investigate" the truth of any representations made by the defendant.  *Id.* at 1025.  In other portions of their Amended Answers, Defendants have already asserted the defense of MassMutual's actual knowledge.  *See infra* Section G.  The inclusion of additional purported defenses of "*in pari delicto*" and "unclean hands" are thus improper.  *See Marram*, 809 N.E.2d at 1025-26; Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011) ("If plaintiff knew of the falsity, of course, he cannot recover.  No other defenses based on plaintiff's conduct are permitted.  There is no defense . . . that plaintiff has become in pari delicto by violating the law in resale of the security.").

Finally, Defendants' bare-bones equitable defenses also should be rejected here because the defenses are invalid, will confuse the issues, and will unnecessarily expand discovery.  *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*, 2004 WL 635743, at *1; *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) ("bare bones" affirmative defenses that are "merely listed without providing a short statement explaining the basis of the defense [are] properly stricken").

### G. The Purported Defenses Asserting That MassMutual "Should Have Known," "Had Constructive Knowledge," or "Assumed the Risk" Are Contrary to Law

Defendants assert that MassMutual "should have known" of the alleged misstatements or omissions, had "constructive knowledge" of the risks of the securities, and/or "assumed the risk." *See* Deutsche Bank Amended Answer at 31-32 (Twelfth and Nineteenth Defenses); RBS Securities Amended Answer at 29-30 (Twelfth and Nineteenth Defenses); Goldman Sachs

Amended Answer at 44 (Twentieth Defense); J.P. Morgan Securities Amended Answer at 25-26

(Eighth and Fourteenth Defenses); Merrill Lynch Amended Answer at 36 (Sixth Defense).[1]

These boilerplate defenses are not viable defenses to MassMutual's statutory claims.

As discussed above, Section 410 of the Massachusetts Securities Act makes clear that

only *actual* knowledge on the part of a plaintiff is a valid defense.  *See Marram*, 809 N.E.2d at

1027-28 (Section 410 "preclude[s] recovery whenever a plaintiff [buyer] *actually knows* that a

representation is false or knows that existing information has been withheld") (emphasis added

and internal quotations omitted).  "Should have known" is not a defense; the plaintiff does not

have "any duty to investigate" the truth of any representations made by the defendant.  *Id.* at

1025.

Defendants have asserted MassMutual's actual knowledge as a defense elsewhere.  *See*

J.P. Morgan Securities Amended Answer at 25-27 (Seventh, Eighth, Fourteenth, and Fifteenth

Defenses); Deutsche Bank Amended Answer at 30-33 (Eighth, Twelfth, Nineteenth, and

Twenty-First Defenses); RBS Securities Amended Answer at 28-31 (Eighth, Twelfth,

Nineteenth, and Twenty-First Defenses); Goldman Sachs Amended Answer at 40, 43-44 (Fourth,

Nineteenth, and Twentieth Defenses); Merrill Lynch Amended Answer at 36, 38 (Sixth, Seventh,

and Nineteenth Defenses).  The inclusion of the further purported defense that MassMutual

"should have known" or had "constructive knowledge" is contrary to law and improper.

Moreover, the inclusion of a defense that MassMutual "assumed the risks" is also improper.

Section 410 "was intended to reverse the age-old concept of caveat emptor and replace it with

the concept of  . . . seller beware."  *Marram*, 809 N.E.2d at 1026 (internal quotations omitted).

---

[1]   MassMutual moves to strike those portions of  the above-listed defenses that assert
MassMutual "should have known" of the misstatements or omissions, had "constructive
knowledge" of the risks, or "assumed the risk," none of which is a valid defense.

There is no basis to argue that MassMutual "assumed the risks."  *See id.* at 1025; *see also* Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011) ("There is no defense of . . . assumption of risk.").  The defenses and portions of defenses that refer to constructive knowledge or assumption of risk should be stricken.

<u>**CONCLUSION**</u>

For the reasons set forth above, MassMutual respectfully requests that the Court grant its motion to strike the following purported defenses (in the identified parties' Amended Answers): Fifth Defense (Merrill Lynch); Sixth Defense (Merrill Lynch, to the extent it asserts that MassMutual "should have known" of the misrepresentations, and J.P. Morgan Securities); Eighth Defense (J.P. Morgan Securities, to the extent it asserts that MassMutual "should have known" of the misrepresentations); Tenth Defense (Goldman Sachs); Eleventh Defense (RBS Securities, Deutsche Bank, and Goldman Sachs (to the extent it purports to assert a loss causation defense); Twelfth Defense (Goldman Sachs, Merrill Lynch, RBS Securities (to the extent it asserts that MassMutual "should have known" of the misrepresentations), Deutsche Bank (same), and J.P. Morgan Securities (to the extent it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions)); Thirteenth Defense (Merrill Lynch); Fourteenth Defense (J.P. Morgan Securities, to the extent it asserts that MassMutual had "constructive knowledge" or "assumed the risks," and Goldman Sachs, to the extent it purports to assert a loss causation defense); Fifteenth Defense (Goldman Sachs, RBS Securities and Deutsche Bank); Sixteenth Defense (Goldman Sachs, to the extent it purports to assert a loss causation defense); Seventeenth Defense (Goldman Sachs, Merrill Lynch, J.P. Morgan Securities, RBS Securities (to the extent it purports to assert a loss causation defense), and Deutsche Bank (same)); Eighteenth Defense (Merrill Lynch and Goldman Sachs, to the extent the latter asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements and omissions); Nineteenth Defense

(J.P. Morgan Securities, RBS Securities (to the extent it asserts that MassMutual had

"constructive knowledge" or "assumed the risk"), and Deutsche Bank (same)); Twentieth

Defense (J.P. Morgan Securities, Merrill Lynch, Goldman Sachs (to the extent it asserts that

MassMutual had "constructive knowledge" or "assumed the risk"), RBS Securities (to the extent

it asserts that MassMutual did not "reasonably or justifiably rely" on the misstatements or

omissions), and Deutsche Bank (same)); Twenty-First Defense (Goldman Sachs); Twenty-Third

Defense (J.P. Morgan Securities); Twenty-Sixth Defense (RBS Securities and Deutsche Bank);

and Twenty-Seventh Defense (Merrill Lynch, to the extent it asserts that MassMutual did not

"reasonably or justifiably rely" on the misstatements or omissions).


DATED:  May 9, 2012                EGAN, FLANAGAN AND COHEN, P.C.
                                   By:      /s/ Edward J. McDonough Jr.
                                       Edward J. McDonough Jr. (BBO 331590)
                                       Stephen E. Spelman (BBO 632089)
                                       Egan, Flanagan and Cohen, P.C.
                                       67 Market Street, P.O. Box 9035
                                       Springfield, Massachusetts  01102
                                       Telephone:  (413) 737-0260
                                       Fax:  (413) 737-0121
                                       ejm@efclaw.com;
                                       ses@efclaw.com

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

Mark Roellig (BBO 669117)
Executive Vice President and General Counsel
Bernadette Harrigan (BBO 635103)
Assistant Vice President & Counsel
Eleanor P. Williams (BBO 667201)
Assistant Vice President & Counsel
Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield, Massachusetts  01111
Telephone:  (413) 788-8411
Fax:  (413) 226-4268
bharrigan@massmutual.com;
ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

*/s/ Edward J. McDonough Jr.*

_____
Edward J. McDonough Jr.