UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS MUTUAL LIFE       )
INSURANCE COMPANY,              )
       Plaintiff              )
                              )
    v.                         ) C.A. NO. 11-30285-MAP
                              )
MERRILL LYNCH, PIERCE, FENNER   )
& SMITH, INC., ET AL,           )
       Defendants             )

SCHEDULING ORDER

June 27, 2012

PONSOR, U.S.D.J.

    Plaintiff Massachusetts Mutual Life Insurance Company has brought eleven nearly identical actions against dozens of Defendants, corporate and individual, seeking to rescind purchases of certain residential mortgage-backed securities and to recover damages arising from those transactions.

    On May 30, 2012, counsel appeared for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16. Ordinarily, pretrial scheduling conferences are handled by Magistrate Judge Kenneth P. Neiman, but Judge Neiman has recused himself with regard to this case. The rationale for his recusal also appears to apply to <u>Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation</u>, 11-cv-30215, which is not yet ripe for a Rule 16 conference.

    At least nine other cases are pending before this court

as to which Judge Neiman has not recused himself, 11-cv-30035, 11-cv-30039, 11-cv-30044, 11-cv-30047, 11-cv-30048, 11-cv-30094, 11-cv-30126, 11-cv-30127, and 11-cv-30141. These nine cases will be referred to Judge Neiman for a pretrial scheduling conference.  Depending upon the timing of the conferences in these nine cases, it may be efficient to craft the pretrial scheduling orders in those cases in light of the pretrial scheduling order set forth below.

Based upon the proposals contained in the parties' joint statement as set forth in Docket No. 50 and upon the oral representations made at the May 30, 2012 conference, the court orders as follows:

   1.  Initial disclosures will be exchanged by July 13, 2012.

   2.  A joint proposed protective order will be submitted by July 13, 2012.

   3.  Any motion for joinder of parties will be filed by July 30, 2012.

   4.  A proposal for expert discovery will be filed by October 26, 2012.

   5.  Document discovery will be completed by January 31, 2013.

   6.  All non-expert depositions and all other non-expert discovery will be completed by June 30, 2013.

   7.  Plaintiff will convey to Defendant a report as required by Fed. R. Civ. P. 26(a)(2), regarding any expert whose testimony will be offered at trial, no later than July 31, 2013.

   8.  Defendant's Rule 26(a)(2) reports will be

conveyed to Plaintiff no later than September 30, 2013.

9. All expert depositions will be completed and all discovery will close by December 31, 2013.

10. Any motions for summary judgment will be filed by February 28, 2014 and opposed by March 31, 2014.

11. Reply briefs, if necessary, may be filed within fifteen days thereafter and sur-replies may be filed fifteen days after that.

12. Once the motions for summary judgment are filed, the court will set the motions for a prompt hearing, with a final pretrial conference to follow, if appropriate, after the court's rulings.

13. Each party will be permitted to serve fifty joint interrogatories per opposing party, along with twenty additional interrogatories, to address matters unique to the particular party.

14. Each party will be permitted to serve twenty-five requests for admission per opposing party, excluding admissions as to the authenticity of documents, which will not count against this total.

15. Each party will be permitted to submit two sets of document requests per opposing party as set forth in Local Rule 26.1(c), with the understanding that any party may for good cause request that additional sets of documents be permitted.

As noted above, the other nine cases raising a similar constellation of issues, as to which Judge Neiman has not recused himself, are hereby referred to Judge Neiman for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16, at a time when, in his opinion, the cases are ripe for such a conference.  Judge Neiman, as noted, may wish to consider the schedule outlined in this order to assist in establishing the

pretrial schedule for the other cases.

In addition, in some or all of the eleven cases, Plaintiff has filed a motion to strike.  See e.g., Dkt. No. 47.  To the extent Judge Neiman has not recused himself, all such motions to strike are hereby referred to Judge Neiman for ruling.

Once 11-cv-30215 (as to which Judge Neiman will likely recuse himself) is ready for a Rule 16 conference, counsel will appear before this court.  Alternatively, they may stipulate to a schedule along the lines set forth in this order.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge