**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC; J.P. MORGAN SECURITIES LLC; and RBS SECURITIES INC.,<br><br>　　　　　Defendants. | Civil Action No. 3:11-30285-MAP |

**UNOPPOSED REQUEST BY MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY FOR LEAVE TO FILE REPLY AND PROPOSED REPLY IN SUPPORT OF ITS MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby requests leave, pursuant to Local Rule 7.1(b)(3), to file the attached reply in support of its motion to compel further discovery responses.  Defendants consent to MassMutual's request for leave to file a reply.

DATED:  October 22, 2012            EGAN, FLANAGAN AND COHEN, P.C.

                                    By:      /s/ Edward J. McDonough Jr.
                                         Edward J. McDonough Jr. (BBO 331590)
                                         Stephen E. Spelman (BBO 632089)
                                         Egan, Flanagan and Cohen, P.C.
                                         67 Market Street, P.O. Box 9035
                                         Springfield, Massachusetts  01102
                                         Telephone:  (413) 737-0260
                                         Fax:  (413) 737-0121
                                         ejm@efclaw.com;
                                         ses@efclaw.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

# TABLE OF CONTENTS

                                                                           **Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I. DEFENDANTS HAVE NO BASIS FOR DELAYING THE MOTION FURTHER ..................................................................................................................2

II. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE THE INFORMATION THEY ADMITTEDLY FAILED TO PROVIDE IN RESPONSE TO THE TWO JOINT INTERROGATORIES .............................................3

III. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR PRODUCTION ...............................................4

    A. Defendants Should Be Compelled to Produce Documents Created Within the Timeframe of January 1, 2005 to September 30, 2010 .....................................4

    B. Defendants Should Be Compelled to Search the Files of Employees Beyond Those They Maintain Had "Significant Involvement" in the Securitizations ................................................................................................6

    C. Goldman Sachs and Merrill Lynch Should Be Compelled to Respond to MassMutual's Actual Document Requests ............................................................7

        1. Goldman Sachs Should Be Compelled to Serve Amended Responses to Address Each of MassMutual's Individual Document Requests ...........................................................................................7

        2. Merrill Lynch Should Be Compelled to Produce Documents Relating to All Certificates in the Securitizations......................................7

    D. Defendants Should Be Compelled to Produce Loan Files and Other Identified Categories of Documents .......................................................................8

IV. MERRILL LYNCH SHOULD BE COMPELLED TO RESPOND TO DISCOVERY REGARDING SUCCESSOR LIABILITY .............................................10

V. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE BASIC DOCUMENTS BY OCTOBER 26, 2012 ......................................................................10

CONCLUSION................................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Addamax Corp. v. Open Software Foundation, Inc.*,
    148 F.R.D. 462 (D. Mass. 1993) ............................................................................... 8

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*,
    224 F.R.D. 644 (N.D. Cal. 2004) .............................................................................. 3

*Larrabee v. Bank of Am., N.A.*,
    2010 WL 4853382 (E.D.Va. Nov. 19, 2010) ........................................................... 10

*In re Residential Capital, LLC*,
    2012 WL 4867399 (Bankr. S.D.N.Y. Oct. 12, 2012) ................................................ 4

*Serin v. N. Leasing Sys., Inc.*,
    2010 WL 6501667 (S.D.N.Y. Sept. 22, 2010) .......................................................... 9

*U.S. Holdings, Inc. v. SunTrust Bank*,
    2011 WL 1102822 (S.D. Fla. Mar. 23, 2011) ........................................................... 5

*Woods v. DeAngelo Marine Exhaust, Inc.*,
    692 F.3d 1272 (Fed. Cir. 2012) ................................................................................. 4

### **Statutes**

Fed. R. Civ. P. 34(b) ............................................................................................................ 9

Local Rule 26.5(c)(3) ..................................................................................................... 3, 4

Local Rule 37.1(b) ......................................................................................................... 1, 2

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") respectfully submits this reply in support of its motion to compel further discovery responses from Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), Deutsche Bank Securities Inc. ("Deutsche Bank"), Goldman, Sachs & Co. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), and RBS Securities Inc. ("RBS") (collectively, "Defendants").

## PRELIMINARY STATEMENT

Defendants spend the bulk of their opposition arguing that MassMutual's motion to compel is "premature," that the discovery issues identified by MassMutual "do not exist," and that the Court should "defer[] consideration of Plaintiff's motion." None of Defendants' requests for further delay has merit. Defendants do not dispute that they failed to comply with Local Rule 37.1(b) by failing to meet and confer within 14 days of MassMutual's request. For weeks, Defendants rebuffed MassMutual's requests for a conference following its September 12, 2012 letter, which detailed the deficiencies in Defendants' responses. When Defendants belatedly responded on September 27, 2012, they refused to correct the identified deficiencies and insisted on linking any further discussions to discussion of MassMutual's own discovery responses.

MassMutual is not required to wait indefinitely for Defendants to resolve discovery disputes. In light of Defendants' refusal to confer within the 14 days mandated by the Local Rules, MassMutual has a right to compel discovery now to avoid jeopardizing the Court's January 31, 2013 document discovery deadline. Defendants' opposition also confirms that further meetings would not be productive. For example:

- Defendants still refuse to identify the originators for the mortgage loans, although they indisputably have access to the information through their access to loan tapes;

- Defendants still refuse to provide full identifying information for the third-party due diligence firms they retained, imposing the burden on MassMutual to locate the firms;

1

- Defendants still refuse to produce documents within the general timeframe of January 1, 2005 to September 30, 2010;

- Defendants still refuse to discuss or search custodians beyond those with significant involvement in the specific securitizations at issue;

- Defendant Goldman Sachs still refuses to provide anything other than a uniform, obstructionist response to 70 separate requests; and

- Defendants still refuse to produce entire categories of relevant documents.

As set forth below and in MassMutual's moving papers, Defendants have no legitimate basis for their refusals. MassMutual's motion to compel should be granted.

## ARGUMENT

### I. DEFENDANTS HAVE NO BASIS FOR DELAYING THE MOTION FURTHER

Defendants cannot dispute that MassMutual's motion is proper under Local Rule 37.1(b), which authorizes a party to file a motion to compel after opposing counsel fails to attend a discovery conference within 14 days of the request. MassMutual requested a conference on September 12, 2012. Defendants failed to consent to one within 14 calendar days. MassMutual did not avoid a conference, as Defendants contend. *See* Opp. at 6. To the contrary, MassMutual requested a conference on September 14, throughout the week of September 17, and on any of September 24, 25, or 26. Defendants refused or ignored MassMutual's requests, and ultimately tried to condition any conference regarding their discovery responses on concurrent discussion of purported deficiencies in MassMutual's discovery responses. The Local Rules do not require MassMutual to wait indefinitely to seek resolution of discovery disputes, especially when the parties' positions are clear from their written correspondence. Defendants' opposition confirms that the discovery disputes presented in MassMutual's motion require judicial resolution.

2

## II. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE THE INFORMATION THEY ADMITTEDLY FAILED TO PROVIDE IN RESPONSE TO THE TWO JOINT INTERROGATORIES

Defendants do not dispute that they failed to identify all the Originators of the Mortgage Loans underlying each Securitization as requested by Joint Interrogatory No. 1. *See* Opp. at 8-10. Nor do they dispute that they failed to provide the identifying information required by Local Rule 26.5(c)(3) for the due diligence firms they retained in connection with the Securitizations as requested by Joint Interrogatory No. 2. *See id.* Despite MassMutual's request that Defendants serve amended responses identifying all Originators and providing the necessary identification for their due diligence firms no later than September 21, 2012, Stephens Decl. Ex. 8 at 2, Defendants still have not agreed to do so. The Court should issue an order compelling Defendants to amend their responses to provide this basic information. *See* Mem. at 7-10.

Defendants attempt to excuse their ongoing failure to respond to Joint Interrogatory No. 1 three months after it was served by claiming, with no supporting declaration, that they provided the information they reasonably could locate (almost exclusively public information already possessed by MassMutual). Opp. at 8-9. But Defendants do not deny that they possess the loan tapes identifying the Originators, and cannot explain why they have failed to provide the originator information contained in the 12 loan tapes after three months. *See id.* In addition, Defendants are incorrect that their refusal to provide information they indisputably possess can be justified by the mere assertion that the information cannot be found through what they contend is a "reasonable" search. *See Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to respond with all the information under its custody and control."). Defendants' own authority confirms it is a sanctionable offense for a party to fail to supplement or correct an interrogatory response "in a timely manner" upon learning that "the disclosure is incomplete or incorrect."

3

*Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279-83 (Fed. Cir. 2012). Defendants knew their response was incomplete when they provided it, and certainly upon receipt of MassMutual's September 12, 2012 letter, yet they continue to fail to supplement the response.

Defendants seek to dodge their obligation to provide originator information by arguing that MassMutual has "other ways to obtain this information, including through subpoenas to non-party sponsors and depositors." Opp. at 9. MassMutual is not required to pursue other, non-party sources to obtain information that Defendants themselves possess. This is particularly true given the difficulties in obtaining the information from non-parties: As Defendants know, the Sponsor and Depositors have filed for bankruptcy, and the bankruptcy court has extended the automatic stay "to preclude any discovery" from these entities "for a reasonable period of time." *In re Residential Capital, LLC*, 2012 WL 4867399, at *1 (Bankr. S.D.N.Y. Oct. 12, 2012).

With respect to Joint Interrogatory No. 2, Defendants have no excuse for their failure to provide the identifying information required by Local Rule 26.5(c)(3). *See* Opp. at 10. As MassMutual explained, Defendants' failure to provide the required information is imposing unnecessary burdens on MassMutual. *See* Mem. at 10. Contrary to Defendants' assertion, MassMutual has asked Defendants for the full names and addresses of all the identified due diligence firms, Stephens Decl. Ex. 8 at 2, and Defendants still baselessly refuse to provide the information. They should be compelled to do so.

### III. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR PRODUCTION

#### A. Defendants Should Be Compelled to Produce Documents Created Within the Timeframe of January 1, 2005 to September 30, 2010

Defendants continue to refuse to produce documents created within the general timeframe of January 1, 2005 to September 30, 2010. *See* Opp. at 10-11; Mem. at 10-12.

Defendants have no legitimate basis for refusing to do so.[1] Their argument that MassMutual has not agreed to produce *all* responsive documents to their (different) requests within the same timeframe is irrelevant. *See* Opp. at 10. And, for the record, MassMutual has agreed to produce the vast majority of its documents within that time frame, appropriately narrowing or expanding the timeframe for certain limited categories of documents when warranted.

More importantly, Defendants do not dispute that post-securitization documents in their possession, custody, or control are likely to lead to the discovery of admissible evidence regarding misrepresentations in the offering materials at the time of the securitizations. Mem. at 11; Opp. at 11. As other courts have recognized, multiple categories of post-securitization documents are relevant, including documents related to:

> (i) performance of the Securitizations or Mortgage Loans (including ratings downgrades, defaults, and delinquencies); (ii) poor underwriting practices (including in areas of appraisal, debt-to-income, and LTV ratios); (iii) Defendants' retrospective realization of the risks created by poor underwriting practices; and (iv) loan repurchase requests made by Defendants or submitted by them, which will reveal Defendants' interpretations of the originators' underwriting guidelines.

*See* Suppl. Stephens Decl. Ex. 1 at 69:14-71:14, Ex. 2 at 1; *U.S. Holdings, Inc. v. SunTrust Bank*, 2011 WL 1102822, at *4 (S.D. Fla. Mar. 23, 2011) ("[D]ocuments produced post-collapse may indeed shed light on issues related to the pre-collapse purchase of ARS by Plaintiff. . . . [W]hat is said or done after an event is relevant to determine issues related to what occurred in connection with that event; or may lead to relevant, admissible evidence; or may serve as a basis for cross-examination."). Defendants' only response is that one category of relevant post-securitization documents—performance documents—is publicly available. Opp. at 11 n.5. But Defendants, as sellers of the securities, are likely to have additional non-public documents regarding

---

[1] Although Defendants claim they will "discuss" an appropriate timeframe, Opp. at 10-11, they have never proposed an alternative. *Id.*; Stephens Decl. Ex. 13 at 8.

5

performance, and the fact that some documents may be publicly available does not justify Defendants' ongoing blanket refusal to produce responsive documents through September 30, 2012. Defendants should be compelled to produce documents created within the general timeframe of January 1, 2005 to September 30, 2010.

### B. Defendants Should Be Compelled to Search the Files of Employees Beyond Those They Maintain Had "Significant Involvement" in the Securitizations

Defendants do not dispute that limiting their searches for responsive documents to files of persons they describe as having "significant involvement" in the Securitizations (a limitation imposed in some form by Merrill Lynch, J.P. Morgan, and Goldman Sachs) will exclude a number of relevant documents. Opp. at 15; Mem. at 12-13. Instead, Defendants argue only that resolution of the issue is premature because the parties have yet to discuss custodians and search terms for electronically stored information. Opp. at 15-16. As an initial matter, contrary to Defendants' assertion, MassMutual has repeatedly asked Defendants to discuss custodians and search terms, but Defendants have refused to do so, both before and after MassMutual filed this motion. *See* Stephens Decl. Ex. 8 at 4; Suppl. Stephens Decl. Ex. 3 at 2-3.

In any event, as MassMutual set forth in its motion, a ruling now is necessary to guide discussion of custodians (a point Defendants fail to address). Mem. at 12. Without a ruling, Defendants have made clear they will identify and discuss only those custodians whom they conclude have "significant involvement" in the relevant Securitizations. MassMutual has demonstrated that Defendants should be required to identify and discuss additional custodians. Defendants should be compelled to identify and search the files of employees who worked in Defendants' departments responsible for securitizations or in other departments that regularly communicated with those departments (as, for reference, MassMutual has agreed to do). *Id.* at 13.

### C. Goldman Sachs and Merrill Lynch Should Be Compelled to Respond to MassMutual's Actual Document Requests

#### 1. Goldman Sachs Should Be Compelled to Serve Amended Responses to Address Each of MassMutual's Individual Document Requests

Although Goldman Sachs attempts in the opposition to back away from its actual responses, it is beyond dispute that Goldman Sachs stated it would produce but a single set of documents in response to 70 separate requests. Mem. at 14-15; Opp. at 16-17. Goldman Sachs' "unitary response" approach creates undue burden (requiring MassMutual to meet and confer on each of the 70 requests to obtain additional documents) and delay. Goldman Sachs should be compelled to amend its responses to respond specifically to each of the 70 requests, without attempts to rewrite the requests or statements that Goldman Sachs will produce something else.

#### 2. Merrill Lynch Should Be Compelled to Produce Documents Relating to All Certificates in the Securitizations

Merrill Lynch does not dispute that it has attempted to narrow the definition of "Certificates" in nine of MassMutual's requests to the specific certificates held by MassMutual. *See* Opp. at 17-18. As MassMutual has shown, this limitation causes MassMutual's requests to be ineffective (read literally, it would exclude documents referring to the types of certificates purchased by MassMutual whenever the documents do not specifically involve MassMutual's actual certificates) and unworkable (Merrill Lynch was engaged as an underwriter for all Certificates and did its work, such as pricing, preparing marketing materials, and obtaining credit ratings, for all Certificates). Mem. at 15. Merrill Lynch does not address these arguments, merely asserting that this case "concerns" only the Certificates held or owned by MassMutual. Opp. at 18 n.10. But that is not true. This case concerns misrepresentations made in offering materials Defendants used to sell all Certificates in the securitizations—not just the specific certificates MassMutual purchased—and Merrill Lynch's knowledge of material

7

misrepresentations regarding any of the Certificates is certainly relevant to its "due diligence" affirmative defense. *See* Amended Answer at 35 (Fourth Defense). Merrill Lynch's attempted limitation would exclude highly relevant documents relating to the misrepresentations and its defenses, and Merrill Lynch should be compelled to produce documents related to all Certificates in the Securitizations in response to Request Nos. 10, 12, 16-18, 25-26, and 58-59.

> **D.    Defendants Should Be Compelled to Produce Loan Files and Other Identified Categories of Documents**

Loan Files:  MassMutual does not contend that Defendants must produce loan files they do not have. Instead, MassMutual contends that Defendants must produce loan files in their possession, custody, or control, which includes loan files in the possession of their subsidiaries or affiliates, or respond that no such loan files exist. Mem. at 16-17 & n.7. Without citing any authority, Defendants continue to refuse to produce loan files in the possession of their subsidiaries or affiliates or to respond that no such loan files exist. Opp. at 12 n.6. There is no basis for this. Defendants' attempt to distinguish *Addamax Corp. v. Open Software Foundation, Inc.*, 148 F.R.D. 462, 467 (D. Mass. 1993), which requires production from subsidiaries and affiliates, is without merit. *See* Opp. at 12 n.6. *Addamax* held that control is broadly defined as "the legal right, authority or ability to obtain documents on demand." *Addamax*, 148 F.R.D. at 467. An affiliate or subsidiary relationship creates the legal right, authority, or ability to obtain documents on demand. *See id.*

Documents Relating to the Sponsor, Originators, and Housing Market:  Defendants do not dispute the relevance of documents sought by Request Nos. 63 through 69, which seek documents regarding Defendants' knowledge of the underwriting practices of the Sponsor, Depositors, and Originators, and of trends in the U.S. housing market generally. *See* Opp. at 12; Mem. at 17. Nor do Defendants attempt to justify their blanket refusal to produce responsive

documents. *See* Opp. at 12. Instead, Defendants argue that MassMutual should be required to discuss specific requests with Defendants in a meet and confer. Opp. at 12. But MassMutual already specified the requests (63 through 69) for which it wanted full responses in its September 12, 2012 letter. Stephens Decl. Ex. 7 at 5. Defendants did not agree to produce documents in response to the requests and did not even offer a compromise. *See* Opp. at 12. As set forth in MassMutual's moving papers, the Court should issue an Order compelling Defendants to produce documents responsive to Request Nos. 63 through 69.

<u>Communications and Documents Exchanged with Government Agencies</u>: MassMutual described in its moving papers why communications and documents exchanged with government agencies relating to the Securitizations, the Certificates, or Defendants' general practices in underwriting residential mortgage-backed securities are relevant. *See* Mem. at 17-18. Defendants do not address MassMutual's argument, simply repeating their view that the requests are not relevant. Opp. at 12-14. But it is beyond dispute that the requested documents are likely to lead to the discovery of admissible evidence regarding the Securitizations, the Certificates, or systematic abandonment of underwriting guidelines. If Defendants are truly producing these documents in response to other requests, as they suggest, *see id.* at 13, they should be compelled to withdraw their objections to Request Nos. 27 and 72, and confirm that they are producing responsive documents. These requests, which identify the documents with reasonable particularity, are proper. *See* Fed. R. Civ. P. 34(b); *Serin v. N. Leasing Sys., Inc.*, 2010 WL 6501667, at *1 (S.D.N.Y. Sept. 22, 2010) (ordering production of communications with government agencies). Indeed, almost all of these same Defendants are producing communications with government agencies in the Federal Housing Finance Agency litigation pending before Judge Cote. *See* Supp. Stephens Decl. Ex. 4 at 4.

9

Documents Relevant to Defendants' Indemnification Defense: Defendants continue to ignore the purpose of Request No. 73—to obtain post-securitization communications with the Sponsor and Depositors concerning indemnification or other claims arising from Defendants' underwriting of the Sponsor's securitizations. Mem. at 19. As MassMutual explained in its moving papers, demands for indemnification after a claim has arisen are likely to lead to evidence regarding the Sponsor's underwriting violations, and are relevant to Defendants' indemnification/contribution defense. *Id.* Although MassMutual will accept final indemnification agreements, it is also entitled to post-securitization communications regarding claims under any indemnification agreements, which Defendants continue to refuse to produce.

## IV. MERRILL LYNCH SHOULD BE COMPELLED TO RESPOND TO DISCOVERY REGARDING SUCCESSOR LIABILITY

MassMutual served discovery regarding successor liability on Merrill Lynch not to prove the fact and date of Merrill Lynch's merger with BOA Securities (which are of course publicly available), but to prove that Merrill Lynch is the "successor by merger" to BOA Securities, a legal term meaning that it succeeded to BOA Securities' liabilities. *See Larrabee v. Bank of Am., N.A.*, 2010 WL 4853382, at *1 (E.D.Va. Nov. 19, 2010). Because Merrill Lynch has not admitted that it is the successor by merger, MassMutual is entitled to discovery to prove that Merrill Lynch succeeded to the liabilities of BOA Securities. There is no basis for Merrill Lynch's refusal to cooperate in that discovery.

## V. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE BASIC DOCUMENTS BY OCTOBER 26, 2012

Defendants have no response to MassMutual's request that they produce loan tapes, organizational charts, working party lists, and underwriting guidelines by October 26, 2012, other than to say the parties should meet and confer about it. Opp. at 20-21. Further delay is not necessary—it has been three months since MassMutual served its requests, and Defendants still

have not produced these basic documents.[2]  For loan files, Defendants misinterpret MassMutual's request as asking for loan files from unrelated third parties.  *See id.* at 19-20.  But MassMutual is requesting production of loan files in Defendants' possession, custody, or control by October 26, 2012.  There is nothing unreasonable about this request.

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that the Court grant its motion to compel further discovery responses in its entirety.

DATED:  October 22, 2012          EGAN, FLANAGAN AND COHEN, P.C.

                                      By:     /s/ Edward J. McDonough Jr.
                                            Edward J. McDonough Jr. (BBO 331590)
                                            Stephen E. Spelman (BBO 632089)
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street, P.O. Box 9035
                                            Springfield, Massachusetts  01102
                                            Telephone:  (413) 737-0260
                                            Fax:  (413) 737-0121
                                            ejm@efclaw.com;
                                            ses@efclaw.com

---

[2]  Goldman Sachs recently made a production, which includes organizational charts.

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## C<span>ERTIFICATE</span> O<span>F</span> S<span>ERVICE</span>

     I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 22nd day of October, 2012.

*/s/ Edward J. McDonough Jr.*
_____
          Edward J. McDonough Jr.

13