# EXHIBIT 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

October 19, 2012

**VIA E-MAIL**

David M.J. Rein
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

Re:   *Mass. Mut. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*,
      Case No. 3:11cv30285 (D. Mass.)

Dear David:

      This letter is in response to your October 10, 2012 letter regarding the responses and objections of Massachusetts Mutual Life Insurance Company ("MassMutual") to Defendants' first set of requests for production. This letter follows MassMutual's October 5, 2012 letter addressing in detail the issues raised by Defendants with respect to MassMutual's responses, and also follows the parties' two-hour meet and confer session in which we discussed those issues. As set forth below, MassMutual believes the parties have resolved or are in the process of resolving any outstanding issues (except with respect to Defendants' dispute over privileged documents that have not yet been logged, as to which Defendants have hastened to file a motion to compel).

      1.    MassMutual reconfirms that it will produce not only documents "referring to" specified subject matters, but also documents "relating to" those subject matters, based on our discussion of what "relating to" means. MassMutual will provide Amended Responses and Objections that reflect this change.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

2.      Defendants' proposed limitation on Request No. 3 still results in an overly broad request.  The request, as propounded, seeks all communications between every employee of MassMutual and every employee of Defendants.  Defendants' proposal to limit the request to communications relating to mortgage-backed securities, mortgages, the U.S. housing market, and/or mortgage appraisals would still result in MassMutual having to produce numerous, irrelevant communications relating to the purchase of mortgage-backed securities not at issue in any of MassMutual's cases.  Imposing on MassMutual the burden of producing these irrelevant communications is especially inappropriate given that Defendants already have access to these communications in the files of their own employees.  As a compromise, MassMutual is willing to produce communications between MassMutual and Defendants relating to (i) the Certificates; (ii) the Securitizations; (iii) the Mortgage Loans; (iv) appraisals relating to the Mortgage Loans; (v) the Originators of the Mortgage Loans; and (vi) Residential Funding Corporation or Residential Funding Company, LLC.

3.      With respect to Request No. 4, MassMutual reconfirms that it will produce lists sufficient to identify agents that provided substantive assistance or had substantive responsibilities in connection with the Certificates.  MassMutual further reconfirms that it will amend its response to incorporate the specific language Defendants used in the subparts of the request.  Finally, as stated during the parties' meet and confer, MassMutual will prioritize its production of organizational charts and lists responsive to this request.

4.      In response to the proposed limitation on Request No. 5, MassMutual is willing to produce organizational charts sufficient to identify the groups or departments having responsibilities in connection with (i) residential mortgage-backed securities; (ii) residential mortgage loans; (iii) the U.S. housing market; and/or (iv) appraisals relating to residential mortgages.  The organizational charts will show the name of the group or department and the lines of responsibility or reporting at MassMutual, which is the information sought by Request No. 5.  In asking MassMutual to withdraw an objection that does not appear in its response, Defendants misread their own request, which does not seek specific categories of documents, but documents "sufficient to show" certain information.  Nevertheless, to the extent "statements of roles and responsibilities" for the respective groups or departments exist, MassMutual will produce them.

5.      As explicitly stated in MassMutual's responses to Requests Nos. 6 through 11, MassMutual will produce non-privileged documents responsive to these requests.  MassMutual is not withholding non-privileged responsive documents.

6.      In response to Request No. 52, MassMutual reconfirms that it will produce documents relating to MassMutual's methodologies and practices for valuing residential mortgage-backed securities generally, including its accounting treatment of residential mortgage-backed securities.  As we discussed during the meet and confer, the separate forensic analysis conducted in anticipation of litigation is protected by the attorney-client privilege and work product doctrine.

Finally, with respect to email discovery, MassMutual has repeatedly requested a call with Defendants at various times over the past month to have a discussion regarding custodians and

search terms that is separate from discussions regarding purported deficiencies in the parties' discovery responses. Defendants initially ignored MassMutual's request, and then stated on the meet and confer call that they would refuse to have any discussion about custodians and search terms while MassMutual's motion to compel is pending. There is no legitimate basis for Defendants' refusal. The parties can and should begin discussions regarding custodians and search terms, especially with respect to documents the parties have already agreed to produce.

In apparent recognition that there is no reason to delay these discussions, Defendants asked MassMutual about email storage and retention during the October 5, 2012 meet and confer call arranged to discuss purported deficiencies in MassMutual's discovery responses. Although we provided what information we could during the call, we also asked Defendants to submit questions in writing so that we could obtain more precise information from MassMutual. With respect to Defendants' questions:

MassMutual uses Microsoft Exchange for its email system. Email is stored on the Microsoft Exchange server. Email that is stored in an employee's live Exchange mailbox will be retained indefinitely unless moved to another mail storage location or deleted. If either of these actions occurs, the email remains on the server for a period of 14 days. Employees also can save emails on their local hard drives, home shared drives, or Exchange Public Folders. Email for employees subject to a regulatory hold or a litigation hold is archived on an Iron Mountain archive system. Certain employees use Bloomberg Mail and Bloomberg Instant Messaging, and those communications are saved on Bloomberg's servers.

During the relevant period, the substantial majority of employees involved in the purchase, monitoring, and sale of residential mortgage-backed securities were subject to a regulatory hold, and their Microsoft Exchange emails from before January 1, 2005 were archived. For employees who used Bloomberg Mail and Bloomberg Instant Messaging, their communications were retained from before January 1, 2005 or whenever they began using the service.

We would ask that each Defendant answer the same questions as to their email storage and retention during the relevant time period.

To prepare for a discussion on custodians, MassMutual is collecting information about the date ranges of email for each potential custodian, and will provide it to Defendants. MassMutual once again requests dates on which Defendants are available to discuss custodians and search terms.

Sincerely,

Molly Stephens