**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC; J.P. MORGAN SECURITIES LLC; and RBS SECURITIES INC.,<br><br>            Defendants. | Civil Action No. 3:11-30285-MAP |

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO
DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY RESPONSES**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................2

ARGUMENT ...................................................................................................................................4

I. DEFENDANTS' CROSS-MOTION TO COMPEL IS PREMATURE .............................4

II. AS THE MOTION CONCEDES, MASSMUTUAL IS ENTITLED TO WITHHOLD DOCUMENTS RELATED TO THE PRE-FILING FORENSIC ANALYSIS BECAUSE THE ANALYSIS WILL NOT BE USED TO PROVE MASSMUTUAL'S CLAIMS ...............................................................................................4

III. MASSMUTUAL IS ALSO ENTITLED TO WITHHOLD DOCUMENTS RELATED TO THE PRE-FILING FORENSIC ANALYSIS BECAUSE THEY ARE WORK PRODUCT MATERIALS PROTECTED FROM DISCLOSURE ................5

    A. The Work Product Doctrine and Attorney-Client Privilege Protect the Pre-Filing Forensic Analysis and Related Documents ......................................................5

    B. MassMutual Has Not Waived Work Product or Privilege .......................................7

    C. Defendants Have Not Shown a "Substantial Need" for the Pre-Filing Forensic Analysis ...................................................................................................10

CONCLUSION ..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Am. Optical Corp. v. Medtronic, Inc.*,
  56 F.R.D. 426 (D. Mass. 1972)..........................................................................................7

*Ambac Assurance Corp. v. DLJ Mortgage Capital, Inc.*,
  939 N.Y.S.2d 333 (N.Y. App. Div. 2012) .......................................................................8, 9

*Aumand v. Dartmouth Hitchcock Med. Ctr.*,
  611 F. Supp. 2d 78 (D.N.H. 2009) ....................................................................................5

*Bank of Am., N.A. v. Terra Nova Ins. Co. Ltd.*,
  211 F. Supp. 2d 493 (S.D.N.Y. 2002)................................................................................8

*Cavallaro v. United States*,
  284 F.3d 236 (1st Cir. 2002)..............................................................................................6

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992) ...........................................................................................7

*Church of Scientology Int'l v. U.S. Dept. of Justice*,
  30 F.3d 224 (1st Cir. 1994)................................................................................................6

*Command Transp., Inc. v. Y.S. Line (USA) Corp.*,
  116 F.R.D. 94 (D. Mass. 1987)..........................................................................................6

*Commonwealth v. Senior*,
  433 Mass. 453 (2001) ........................................................................................................6

*F.D.I.C. v. Ogden Corp.*,
  202 F.3d 454 (1st Cir. 2000)..............................................................................................7

*In re Grand Jury Subpoena*,
  662 F.3d 65 (1st Cir. 2011)................................................................................................7

*Gruenbaum v. Werner Enters., Inc.*,
  270 F.R.D. 298 (S.D. Ohio, 2010) ...................................................................................10

*Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.*,
  449 Mass. 609 (2007) .....................................................................................................6, 7

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
  No. 03 Civ. 5560, 2008 WL 5423316, at *12 (S.D.N.Y. Dec. 31, 2008)..........................5

*MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*,
  No. 602825/08, 2011 WL 7640152 (N.Y. Sup. Ct. Jan. 25, 2011).................................8, 9

*MassMutual v. Residential Funding Co., LLC*,
  843 F. Supp. 2d 191 (D. Mass. 2012) ............................................................................2, 3

*Mone v. Dept. of Navy*,
   353 F. Supp. 2d 193 (D. Mass. 2005) ..................................................................................6

*Ohio Cas. Group v. Am. Int'l Specialty Lines Ins. Co.*,
   No. 04 Civ. 10282, 2006 WL 2109475 (S.D.N.Y. July 25, 2006) ........................................6

*S.E.C. v. Ryan*,
   747 F. Supp. 2d 355 (N.D.N.Y. 2010) .................................................................................8

*In re Sims*,
   534 F.3d 117 (2d Cir. 2008) .................................................................................................7

*UNR Industries, Inc. v. Continental Insurance Co.*,
   No. 85 C 3532, 1992 WL 51708 (N.D. Ill. Mar. 6, 1992) ....................................................9

*United States v. Nobles*,
   422 U.S. 225 (1975) .............................................................................................................5

*Wallace v. Huntington Nat'l Bank*,
   Nos. 2:09-CV-104, 2:10-CV-469, 2010 WL 3603494 (S.D. Ohio Sept. 10, 2010) .............4

## **Statutes**

Fed. R. Civ. P. 26(b)(3)(A)(ii) ......................................................................................................11

Fed. R. Civ. P. 26(b)(3) ..................................................................................................................5

Mass. Gen. R. Evid. § 502(b) .........................................................................................................6

**PRELIMINARY STATEMENT**

In response to an initial motion to compel filed by plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), Defendants hastened to file their own "cross-motion" to compel. There is no good reason for the cross-motion: Because MassMutual has been cooperating with Defendants to resolve any purported issues with MassMutual's discovery responses, Defendants have had to stretch to identify a discovery dispute. As the sole basis for the cross-motion, they have prematurely seized on MassMutual's indication during a meet and confer call (before production of any documents, expert materials, or privilege logs) that MassMutual may withhold certain privileged documents relating to its pre-filing forensic analysis conducted in anticipation of litigation.[1]

As Defendants' own motion demonstrates, MassMutual is entitled to withhold these privileged, litigation-preparation documents because it does not intend to rely on the forensic analysis to prove its claims at trial. The forensic analysis was conducted by counsel and an undisclosed consultant prior to filing the Complaint using limited information available about the mortgage loans underlying the securitizations from public and proprietary sources. MassMutual did not yet have access to the evidence it will use to prove its claims—the loan files and other documents that are in the possession, custody, or control of Defendants and third parties. Now that MassMutual is obtaining in discovery the evidence it will use at trial, the pre-filing forensic analysis is irrelevant. Because Defendants will have full discovery of that evidence and any related expert testimony, discovery regarding MassMutual's irrelevant pre-filing forensic

---

[1] Although the point is not relevant to their cross-motion, Defendants complain about what they characterize as MassMutual's "unwillingness to address the mutual burdens and extent of discovery among the parties." Motion at 1 n.1. The criticism is meritless; MassMutual has repeatedly made itself available to discuss discovery issues. *See, e.g.*, Declaration of Molly Stephens, filed concurrently herewith ("Stephens Decl.") Ex. B at 1, 3 (Oct. 19, 2012 Letter), Ex. A at 4 (Sept. 12, 2012 letter).

1

analysis would be a wasteful, burdensome detour, and there is no basis for overriding the privileges and work product protections afforded the analysis conducted by MassMutual's counsel and consultants.  As set forth below, courts that have considered this issue have rejected Defendants' arguments of waiver and discoverability under these circumstances.

## FACTUAL BACKGROUND

MassMutual filed this action on December 29, 2011, asserting a single claim under Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act") against Defendants for misrepresentations in connection with the sale of over $200 million in residential mortgage-backed securities (the "Certificates") to MassMutual.  Compl. ¶¶ 37, 159-66.  The Complaint alleged four categories of false and misleading statements in the offering materials for the Certificates regarding (i) compliance with the underwriting standards applicable to the underlying mortgage loans; (ii) compliance with the applicable appraisal standards; (iii) the resulting loan-to-value ("LTV") ratios for the mortgage loans; and (iv) the owner-occupancy statistics for the mortgage loans.  *Id.* ¶¶ 49-156.  As the Court recognized, MassMutual provided various support for its misrepresentation allegations, including, among other things, the results of a pre-filing forensic analysis regarding the LTV ratios and owner-occupancy statistics in the offering materials.  *Id.* ¶¶ 57-156; *MassMutual v. Residential Funding Co., LLC*, 843 F. Supp. 2d 191, 200, 203-04 (D. Mass. 2012).[2]  The Court upheld claims based on misrepresentations regarding underwriting guidelines, appraisal standards, and LTV ratios, and dismissed claims based on false and misleading owner-occupancy statistics.  *MassMutual*, 843 F. Supp. 2d at 203-05.

---

[2] MassMutual and Defendants stipulated that the Court's ruling applied to this action. *See* Dkt. Nos. 25, 27.

2

The forensic analysis that provided support for MassMutual's allegations of misrepresented LTV ratios was conducted beginning in November 2010 at the direction of counsel by an outside consultant in anticipation of litigation. Stephens Decl. ¶ 2. As MassMutual alleged in its Complaint, because it did not have pre-discovery access to the loan files for the underlying mortgage loans, the analysis had to be conducted on data gathered from multiple public and proprietary sources. Compl. ¶ 63. Counsel participated in all communications with the consultant regarding the analysis. Stephens Decl. ¶ 2.

On August 6, 2012, Defendants served MassMutual with their First Set of Requests for Production, comprised of 93 individual requests covering myriad (and often overlapping) subject matters. MassMutual considered each request, and when MassMutual found it necessary to narrow a request, it gave tailored, detailed reasons for doing so. *See* Redmond Decl. Ex. B. Defendants have moved to compel further responses as to only four of their 93 requests, Motion at 4 n.7, and even with respect to those four requests, Defendants have moved to compel the production only of documents relating to MassMutual's pre-filing forensic analysis prepared in anticipation of litigation. *See* Motion at 3-4.

Although document production in this action is in the very early stages and no party has prepared a privilege log, Defendants questioned MassMutual specifically during the October 5, 2012 meet and confer call about whether it would withhold these privileged documents. Stephens Decl. ¶ 3. MassMutual informed Defendants that it did intend to withhold documents related to the pre-filing analysis and would identify such documents on its privilege log when the log is prepared. *Id.* Defendants then used this "dispute" to file their own "cross-motion" to compel.

# ARGUMENT

## I. DEFENDANTS' CROSS-MOTION TO COMPEL IS PREMATURE

As an initial matter, Defendants' cross-motion to compel is not ripe for resolution. The documents sought by Defendants are not factual documents created or maintained by MassMutual; they are documents reflecting expert analysis prepared at the direction of counsel on which MassMutual does not intend to rely to prove its claims. Defendants ask the Court to determine in a vacuum that the documents are not privileged, that MassMutual waived any and all privileges that it may claim by placing the documents "at issue," and that Defendants have a substantial need for the documents—all before the production of any documents, the exchange of privilege logs, and the exchange of expert materials on which MassMutual *does* intend to rely. Defendants' requested determinations and the relief sought by their motion are, at best, premature, and the cross-motion should be denied on this basis without prejudice to it being renewed with an appropriate showing of relevance during expert discovery. *See, e.g.*, *Wallace v. Huntington Nat'l Bank*, Nos. 2:09-CV-104, 2:10-CV-469, 2010 WL 3603494, at *8 (S.D. Ohio Sept. 10, 2010) (finding the issue of waiver prematurely presented where a privilege log addressed to specific documents had not been produced, because the court could not effectively evaluate the invocation of privilege or its possible waiver).

## II. AS THE MOTION CONCEDES, MASSMUTUAL IS ENTITLED TO WITHHOLD DOCUMENTS RELATED TO THE PRE-FILING FORENSIC ANALYSIS BECAUSE THE ANALYSIS WILL NOT BE USED TO PROVE MASSMUTUAL'S CLAIMS

Defendants concede in their cross-motion that MassMutual not using the forensic analysis at trial is an acceptable resolution to any dispute: They argue that if MassMutual does not produce its pre-filing forensic analysis and related documents, the Court should issue an order "precluding" MassMutual from relying on the analysis to prove its claims. Motion at 10-

4

11. Defendants' own argument demonstrates that MassMutual may withhold documents related to its pre-filing forensic analysis if it does not use the analysis to prove its claims. Any analysis that MassMutual does use to prove its claims will be produced in accordance with Federal Rule of Civil Procedure 26. This alone resolves the motion.

Defendants' cited cases demonstrate that courts are concerned only with the production of analyses used to prove or dispute claims—not pre-filing data and analysis used to determine whether allegations have a good-faith basis. *See Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 86 (D.N.H. 2009) (cited by Defendants) (addressing documents to be used at trial); *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 5423316, at *12 (S.D.N.Y. Dec. 31, 2008) (cited by Defendants) (addressing documents to be used at trial and in dispositive motions). This is understandable because pre-filing analyses that will not be used to prove a party's claims are irrelevant. Because MassMutual does not intend to rely on its pre-filing analysis to prove its claims, it is entitled to withhold documents related to the analysis.

### III. MASSMUTUAL IS ALSO ENTITLED TO WITHHOLD DOCUMENTS RELATED TO THE PRE-FILING FORENSIC ANALYSIS BECAUSE THEY ARE WORK PRODUCT MATERIALS PROTECTED FROM DISCLOSURE

#### A. The Work Product Doctrine and Attorney-Client Privilege Protect the Pre-Filing Forensic Analysis and Related Documents

Defendants do not seriously dispute that the pre-filing forensic analysis and related documents are protected from disclosure by the work product doctrine. *See* Motion at 6, 9. It is well settled that attorney work product is "material prepared by agents for the attorney as well as those prepared by the attorney himself" in anticipation of litigation. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (footnote omitted); *see also* Fed. R. Civ. P. 26(b)(3) (codifying protection to materials prepared in anticipation of litigation); *Church of Scientology Int'l v. U.S.*

5

*Dept. of Justice*, 30 F.3d 224, 236 (1st Cir. 1994) (work product doctrine protects material "prepared under the direction of an attorney in contemplation of litigation"); *Mone v. Dept. of Navy*, 353 F. Supp. 2d 193, 195 (D. Mass. 2005) (same).[3] The forensic analysis constitutes protected work product because it was prepared at the direction of counsel by an outside consultant in anticipation of litigation. Stephens Decl. ¶ 2.

The forensic analysis documents are also protected from disclosure by the attorney-client privilege. Defendants are incorrect that the attorney-client privilege does not apply to the requested documents because "non-party providers of [automated valuation models] neither offer legal advice nor could be characterized as professional legal advisors." Motion at 6. Section 502(b) of the Massachusetts General Rules of Evidence extends the attorney-client privilege to communications between a party's attorney and any individuals or entities assisting the attorney in providing legal advice to the client.[4] The privilege therefore includes the documents and communications exchanged between MassMutual's counsel and the consultant performing the forensic analysis so that counsel could advise MassMutual in anticipation of filing this action. *See Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.*, 449 Mass. 609, 616 (2007) (citing *Commonwealth v. Senior*, 433 Mass. 453, 457 (2001), and *Cavallaro v. United States,* 284 F.3d 236, 247 (1st Cir. 2002)).

---

[3] The work product doctrine is governed, even in diversity cases, by a uniform federal standard. *Ohio Cas. Group v. Am. Int'l Specialty Lines Ins. Co.*, No. 04 Civ. 10282, 2006 WL 2109475, at *2 (S.D.N.Y. July 25, 2006).

[4] Although federal law governs the work product doctrine, state law governs the resolution of attorney-client privilege claims in diversity cases. *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 460 (1st Cir. 2000). Where Massachusetts law is silent on a question of attorney-client privilege law, however, Massachusetts courts have expressed a willingness to be guided by federal law. *Command Transp., Inc. v. Y.S. Line (USA) Corp*., 116 F.R.D. 94, 97 n.10 (D. Mass. 1987).

6

The two cases Defendants cite to challenge the applicability of attorney-client privilege are inapposite because neither addresses the types of documents at issue here—documents exchanged between attorneys and consultants hired to evaluate potential claims in anticipation of litigation. *See In re Grand Jury Subpoena*, 662 F.3d 65, 71-72 (1st Cir. 2011) (cited by Defendants) (attorney-client privilege did not protect non-confidential documents that would have been disclosed at the closing of the real estate transaction in question); *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000) (cited by Defendants) (attorney-client privilege did not apply to disputes between joint clients). Because counsel directed the forensic analysis and participated in all communications with the consultant regarding the analysis in this case, Stephens Decl. ¶ 2, the attorney-client privilege applies. *See Hanover*, 449 Mass. at 616.

**B.     MassMutual Has Not Waived Work Product or Privilege**

Defendants argue that MassMutual has waived work product protection and the attorney-client privilege by putting the pre-filing forensic analysis "at issue" in its Complaint. Motion at 6-9. But Defendants cite no authority—and MassMutual is aware of none—that suggests an "at issue" waiver occurs when a complaint references the results of a pre-filing analysis that plaintiff does not intend to rely on to prove its claims.

As Defendants' cases demonstrate, an "at issue" waiver occurs only where a party intends to rely on a partial disclosure of privileged information to prove or dispute a claim. *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (cited by Defendants) ("at issue" waiver occurs when a defendant intends to rely on an advice-of-counsel defense at trial); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (cited by Defendants ) (same). Waiver does *not* occur upon partial disclosure of an analysis that does not constitute evidence and will not be used to prove or dispute a claim. *See Am. Optical Corp. v. Medtronic, Inc.*, 56 F.R.D. 426, 432 (D. Mass. 1972) (no waiver where party relied on counsel's affidavit for opinion on invalidity of

7

patent and made allegations of invalidity in its Complaint, because the affidavits were "pre-trial matters, not evidence," and the "affidavits and [party's] allegations . . . are yet to be supported by proof").

Indeed, courts that have considered a plaintiff's reference to the results of a forensic analysis of loans in similar circumstances have declined to find an "at issue" waiver.[5] In *Ambac Assurance Corp. v. DLJ Mortgage Capital, Inc.*, 939 N.Y.S.2d 333 (N.Y. App. Div. 2012), the plaintiff, an insurer of residential mortgage-backed securitizations, hired a third-party consultant to conduct a forensic analysis of the underlying loans to analyze potential claims, and then referenced the results of that analysis in the subsequently filed complaint. After the trial court granted the defendants' motion to compel all documents related to the analysis, the appellate division reversed, finding that the plaintiff did not put the analysis of the loans "at issue" because the analysis was not made to prove the claim, but as "a good-faith basis for the allegations made." *Id.* at 333.[6]

Likewise, in *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2011 WL 7640152 (N.Y. Sup. Ct. Jan. 25, 2011), the court found that privilege and work product were not waived over a similar pre-filing forensic analysis of mortgage loans referenced in a complaint filed by MBIA, another insurer of residential mortgage-backed securitizations. The

---

[5] New York law, applied in these cases, is persuasive here because "[t]he distinction between New York and federal law on the attorney-client privilege is quite indistinguishable, as the law intersects in all of its facets, and are viewed interchangeably." *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 366 n.8 (N.D.N.Y. 2010) (citing *Bank of Am., N.A. v. Terra Nova Ins. Co. Ltd.*, 211 F. Supp. 2d 493, 495 (S.D.N.Y. 2002) ("New York law governing attorney-client privilege is generally similar to accepted federal doctrine.")).

[6] Contrary to Defendants' attempt to distinguish *Ambac*, *see* Motion at 9 n.11, the appellate division did not base its decision on the fact that defendants had conceded privilege. Rather, the court assumed the existence of a privilege (because defendants had failed to challenge it in a timely fashion), and then analyzed waiver issues similar to those argued here. *Ambac*, 939 N.Y.S.2d at 333.

8

court reasoned that an "at issue" waiver occurs only when a party intends to prove a claim or defense by use of partially disclosed privileged material. *Id.* at *6-*7. Because MBIA's forensic analysis was for the purpose of conducting "due diligence upon its case prior to filing the instant complaint," and not to prove its claims, an "at issue" waiver did not occur. *Id.*

Similarly here, the forensic analysis referenced in MassMutual's Complaint was conducted to provide a good-faith basis to support the allegations in the Complaint—not to constitute evidence or to prove MassMutual's claims. To prove its claims, MassMutual will rely on the loan files and other evidence produced by Defendants and third parties in discovery and an expert re-underwriting of a sample of loans. Because MassMutual does not intend to use its pre-filing forensic analysis to prove its claims, there is no "at issue" waiver. *See, e.g.*, *Ambac*, 939 N.Y.S.2d at 333; *MBIA*, 2011 WL 7640152, at *6-*7.

Defendants also argue that there has been an "at issue" waiver because the forensic analysis was included in the factual support that MassMutual used to oppose a motion to dismiss. *See* Motion at 8-9. But Defendants again incorrectly seek to apply an "at issue" waiver to materials relevant only at the pleading stage, whereas the doctrine is concerned with the selective disclosure of evidence to prove or dispute a claim.[7] Further, MassMutual is not engaging in "bait-and-switch litigation tactics," as Defendants contend. *Id.* at 8. MassMutual used the pre-filing analysis as a good-faith basis for the allegations in its Complaint. Now that MassMutual is permitted to engage in discovery, the question is whether the evidence and expert analysis based

---

[7] Defendants cite *UNR Industries, Inc. v. Continental Insurance Co.*, No. 85 C 3532, 1992 WL 51708 (N.D. Ill. Mar. 6, 1992), to argue that an "at issue" waiver occurs when a party relies in part on a pre-filing analysis to oppose a motion to dismiss. Motion at 8. But this case is inapposite because the court did not reach the waiver issue; it found that the requested documents were not protected by the attorney-client privilege or the work product doctrine in the first place. *UNR Indus.*, 1992 WL 51708, at *5 (the documents sought "are clearly not sheltered as the mental impressions of legal counsel in anticipation of this case").

9

on the evidence proves the claims, not what MassMutual's pre-filing investigation showed. Defendants will obtain full discovery into the relevant evidence and expert analysis; the pre-filing analysis is irrelevant and remains protected by privilege and the work product doctrine.

### C. Defendants Have Not Shown a "Substantial Need" for the Pre-Filing Forensic Analysis

In a final attempt to obtain the pre-filing forensic analysis and related documents, Defendants argue that they have a "substantial need" for the documents, which overcomes the work product protection afforded them. *See* Motion at 9-10. As an initial matter, this argument applies only to those few documents constituting factual work product (which have yet to be identified because Defendants did not await a privilege log before filing their motion); it does not apply to analyses constituting opinion work product or to the documents exchanged with counsel that are protected by the attorney-client privilege. *See, e.g.*, *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 304 (S.D. Ohio 2010) ("Rule 26 protects against disclosure of 'opinion' work product, although 'fact' work product may be obtained upon a showing of substantial need." (citations omitted)).

In any event, Defendants cannot show a need, much less a substantial need, to obtain the pre-filing forensic analysis and related documents. Because MassMutual does not intend to use the analysis to prove its claims, the analysis is irrelevant to any issue in the case. Defendants cannot articulate why they need it. Further, to establish substantial need, Defendants had to show that they "cannot, without undue hardship, obtain [the] substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Defendants could obtain the substantial equivalent of any factual work product they seek—data available about the mortgage loans from public and proprietary sources—from the same public sources MassMutual's consultant used, from the loan tapes that Defendants possess, and from the loan files being sought in discovery. There is no

reason to override the work product and other protections afforded to MassMutual's pre-filing analysis conducted in anticipation of litigation.

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that the Court deny Defendants' Cross-Motion to Compel.


DATED:  October 30, 2012         EGAN, FLANAGAN AND COHEN, P.C.

                                              By:      /s/ Edward J. McDonough Jr.
                                                     Edward J. McDonough Jr. (BBO 331590)
                                                     Stephen E. Spelman (BBO 632089)
                                                     Egan, Flanagan and Cohen, P.C.
                                                     67 Market Street, P.O. Box 9035
                                                     Springfield, Massachusetts  01102
                                                     Telephone:  (413) 737-0260
                                                     Fax:  (413) 737-0121
                                                     ejm@efclaw.com;
                                                     ses@efclaw.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac vice*)
Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of October, 2012.

                                  */s/ Edward J. McDonough Jr.*
                                  _____
                                      Edward J. McDonough Jr.