**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GOLDMAN, SACHS & CO., INC; J.P. MORGAN SECURITIES LLC; and RBS SECURITIES INC.,<br><br>   Defendants. | Civil Action No. 3:11-30285-MAP |

**DECLARATION OF MOLLY STEPHENS IN SUPPORT OF
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO
DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY RESPONSES**

I, Molly Stephens, make this declaration pursuant to 28 U.S.C. § 1746.  I hereby state as follows:

1.  I am a Partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual").  I am admitted *pro hac vice* in the above-captioned action.  I respectfully submit this declaration in support of MassMutual's Opposition to Defendants' Cross-Motion to Compel Discovery Responses.  I make this declaration of personal, firsthand knowledge, and, if called and sworn as a witness, I could and would testify competently thereto.

2.  In support of the claims asserted by MassMutual under Section 410(a) of the Massachusetts Uniform Securities Act, the Complaint in this action included, among other

things, the results of a pre-filing forensic analysis conducted beginning in November 2010 at the direction of counsel by an outside consultant in anticipation of litigation. Counsel participated in all communications with the consultant regarding the analysis.

3.      On October 5, 2012, counsel for MassMutual and Defendants participated in a meet and confer call to discuss MassMutual's responses and objections to Defendants' first set of requests for production. During that call, David Rein, counsel for Defendant Goldman, Sachs & Co., asked whether MassMutual would withhold documents related to the pre-filing forensic analysis referenced in the Complaint. Jennifer Barrett and I stated that the discussion was premature because the parties have not yet exchanged privilege logs. We also stated that MassMutual intended to withhold these documents and would identify the documents on its privilege log when the log is prepared.

4.      Attached hereto as Exhibit A is true and correct copy of my letter, dated September 12, 2012, to counsel for all Defendants.

5.      Attached hereto as Exhibit B is true and correct copy of my letter, dated October 19, 2012, to David Rein, counsel for Defendant Goldman, Sachs & Co. The letter was sent to counsel for all Defendants.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 30th day of October, 2012, at Los Angeles, California.

_____/s/ Molly Stephens_____
Molly Stephens

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of October, 2012.

*/s/ Edward J. McDonough Jr.*

_____

Edward J. McDonough Jr.