# EXHIBIT A

quinn emanuel    trial lawyers | los angeles

865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3635**

WRITER'S INTERNET ADDRESS
**mollystephens@quinnemanuel.com**

September 12, 2012

**VIA ELECTRONIC MAIL**

Re:     *Massachusetts Mutual Life Insurance Company v. Merrill Lynch, Pierce, Fenner &
        Smith, Inc., et al.*, No. 3:11-cv-30285-MAP

Defense Counsel:

        We write to request a meet and confer call, pursuant to Local Rule 37.1, to discuss the
numerous deficiencies identified below in the August 31, 2012 Objections and Responses served
by Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), Goldman, Sachs
& Co. ("Goldman Sachs"), Deutsche Bank Securities Inc. ("Deutsche Bank"), RBS Securities
Inc. ("RBS"), and J.P. Morgan Securities LLC ("JP Morgan") (collectively, "Defendants") to the
first set of discovery requests served by plaintiff Massachusetts Mutual Life Insurance Company
("MassMutual") on July 23, 2012.  We also write to request that Defendants prioritize the
production of certain categories of documents to ensure that the discovery schedule in this action
is met.

I.      Defendants' Inadequate Responses to Basic Interrogatories

        MassMutual served each Defendant with two basic interrogatories requesting the
identification of (i) all Originators of the Mortgage Loans underlying each Securitization; and
(ii) all third-party due diligence firms that assisted any Defendant with due diligence in
connection with each Securitization.  The obvious purpose of these requests was to enable
MassMutual to identify the proper recipients of third-party subpoenas to ensure the timely
service of subpoenas and the preservation of documents.  Despite the importance of complete
responses, Defendants failed to conduct even the most basic searches for information, and
largely parroted back the contents of public offering materials.  MassMutual requests that

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

All Counsel of Record
September 12, 2012

Defendants provide complete responses by September 21, 2012, or it will need to address
Defendants' defective responses with the Court.

In particular, no Defendant provided a complete or satisfactory answer to Interrogatory
No. 1.  Merrill Lynch, Deutsche Bank, RBS, and Goldman Sachs merely identified the
Originators listed in the publicly available Prospectus Supplements for the Securitizations.
Deutsche Bank failed to identify the Originators responsible for 96% of the loans underlying the
RAMP Series 2006-RS6 securitization, and RBS failed to identify the Originators responsible for
98% of the loans underlying the RAMP Series 2006-RS4 securitization.  Only JP Morgan
identified any Originators other than those listed in the Prospectus Supplements, but represented
only that these additional entities could "potentially hav[e] been" originators of the underlying
loans and failed to provide the percentage of loans originated by each entity.

There is no excuse for Defendants' failure to provide this most basic information.
Defendants have had more than a month to prepare their responses, and each Defendant was
responsible for only between one and four Securitizations.  Unlike MassMutual, Defendants have
ready access to originator information through, among other things, their access to loan tapes.
Defendants' unwillingness to provide the information readily available to them is improper and
threatens to delay this litigation significantly.  It also risks destruction of relevant documents by
originators that remain known to Defendants, but unknown to MassMutual.

In addition, it is not clear whether Merrill Lynch, Deutsche Bank, Goldman Sachs, or JP
Morgan provided complete responses to Interrogatory No. 2.  These Defendants listed formal or
informal names of due diligence firms, but stated that their responses were not complete.
Defendants have no basis to delay providing a complete list of due diligence firms that they
themselves retained in connection with each Securitization.  Defendants also appear to have
violated Local Rule 26.5 in failing to provide each firm's full name and present or last known
address.  MassMutual is entitled to full and complete responses no later than September 21,
2012.

II.    Defendants' Inadequate Responses to MassMutual Requests for Production

In response to MassMutual's Requests for Production, each Defendant set forth an
extensive number of boilerplate objections.  Indeed, the "General Objections" of each Defendant
alone number between 30 and 50 objections.  This letter will not undertake to address every one
of these boilerplate objections individually, because many of the "General Objections" appear to
be makeweight and are not advanced as a basis for withholding documents.  (If Merrill Lynch,
Goldman Sachs, Deutsche Bank, RBS, and JP Morgan are withholding non-privileged
documents on the basis of one or more of their "General Objections," please let us know
immediately.)  Instead, this letter highlights the most egregious deficiencies in Defendants'
responses.

All Counsel of Record
September 12, 2012

A.    Improper Limits on the Relevant Time Frame

In its Instructions to its Requests for Production, MassMutual identified the relevant time period generally governing its requests as January 1, 2005 to the present.  *See* Instruction No. 16. Each Defendant objected to this time frame as overly broad and unduly burdensome, but no Defendant identified any alternative period for which it proposes to search for responsive documents.  Defendants themselves requested that MassMutual search for and produce documents created between January 1, 2005 and December 29, 2011.  *See* Defs.' RFPs, Instruction No. 1.  Relying on a privilege objection, MassMutual agreed to produce documents created between January 1, 2005 and September 30, 2010.  There is no principled basis for Defendants' refusal to search for documents created during this same time period.  Please confirm during the meet and confer call that Defendants will, at the very least, comply with a reciprocal time period of January 1, 2005 to September 30, 2010.

B.    Improper Limits on Documents To Be Searched

Many Defendants improperly limited the documents they propose to search.  For example, Goldman Sachs confined its intended search for responsive documents to what it terms "Core Documents," defined as "non-privileged documents relevant to the claims or defenses in the Action, if any, to the extent that the documents are located in relevant central project or transaction files or readily accessible files of those Goldman Sachs employees and former employees to be identified by Goldman Sachs, upon reasonable inquiry and belief, as the core team members for the Securitizations, using reasonable search terms and date ranges to be identified by Goldman Sachs or agreed upon by the parties."  *See* Goldman Sachs Obj. & Resp. at p. 22 & RFP Nos. 1-26, 28-71.  JPMorgan attempted a similar limitation.  *See* JP Morgan Obj. & Resp. at p. 20.  There is no basis for these limitations on Defendants' search obligations.  The searches proposed by these and other Defendants are far too narrow to satisfy Defendants' discovery obligations.

First, Defendants cannot limit their search for documents to documents they unilaterally deem to be "relevant to the claims or defenses in the Action" or located in "relevant central project or transactions files."  Instead, Defendants are under a duty to conduct a reasonably diligent search of documents in their possession, custody, or control.  *See* Fed. R. Civ. P. 34(a).

Second, Defendants cannot limit their search for documents to documents in the files of persons they unilaterally deem to be "core team members for the Securitizations" or "employees who had significant[] involvement" in the relevant Securitizations, as they attempt to do.  *See* Goldman Sachs Obj. & Resp. at p. 22 ("core team members"); JP Morgan Obj. & Resp. at p. 20 ("employees who had significant[] involvement"); Merrill Lynch Gen. Resps. & Objs. ¶ 14 ("persons reasonably believed to have significant involvement").  Such a limitation on the files Defendants propose to search is entirely subjective and would exclude relevant documents in the files of employees, such as low-level analysts or trading desk employees, who worked on the Securitizations, but whose work did not cross whatever threshold Defendants are using to define "core team members" or "significant involvement."  Further, limiting the search for

3

All Counsel of Record
September 12, 2012

documents to the files of persons who worked on the Securitizations is too narrow.  MassMutual is entitled to discovery regarding Defendants' due diligence affirmative defense, for example, and documents regarding the underwriting practices of the Originators, Sponsor, or Depositors located in the files of Defendants' employees who worked in the department responsible for handling RMBS securitizations or in other departments that regularly communicated with the RMBS department are relevant to that defense.

MassMutual is willing to work with Defendants to identify reasonable custodians and search terms for conducting a keyword search of electronically stored information ("ESI"), but it will not agree to the search limitations discussed above.  Please confirm during the meet and confer call that Defendants will conduct a reasonably diligent search of documents in their possession, custody, or control, as required, and will not attempt to limit their search to the files of "core" employees who worked on the Securitizations.  In addition, please confirm that each Defendant will send MassMutual a proposed list of custodians by September 21, 2012 to develop an ESI search.  At that time, MassMutual will send proposed search terms.  MassMutual will schedule a separate call to discuss custodians and search terms.

C.      Improper Refusals to Produce Documents

Defendants categorically refused to produce *any* documents responsive to numerous requests.  The blanket refusals are inconsistent with Defendants' discovery obligations and warrant immediate correction.

1.      Loan Files

Both Merrill Lynch and JP Morgan refused to respond to the request for loan files in their possession, custody, or control.  *See* Merrill Lynch Obj. & Resp. to RFP No. 46; JP Morgan Obj. & Resp. to RFP No. 46.  This is improper.  The loan files contain evidence relevant to whether the loan was underwritten in compliance with the represented underwriting guidelines, the appraisal was conducted in compliance with the represented appraisal standards, and the loan-to-value ratio had any basis in fact.  Please confirm during the meet and confer call that Merrill Lynch and JP Morgan will amend their responses by September 21, 2012 to agree to produce loan files in their possession, custody, or control.  This includes loan files in the possession of Defendants' affiliates or subsidiaries.

2.      Documents Relating to Originators, Sponsors, and General Housing
        Market Issues

MassMutual requested all documents between January 2005 and September 2007 referring or relating to:  (i) the quality of any securitizations sponsored by RFC, and Defendants' due diligence conducted on RFC, *see* RFP Nos. 63, 65; (ii) the quality of the mortgage loans originated by each Originator, and Defendants' due diligence conducted on these Originators, *see* RFP Nos. 64, 66; (iii) appraisal and borrower fraud in the housing market generally, *see* RFP Nos. 67, 68; and (iv) Defendants' analysis of the U.S. housing market, *see* RFP No. 69.

4

All Counsel of Record
September 12, 2012

JP Morgan refused to produce any documents responsive to these requests except Request No. 66 (dealing with due diligence it conducted on the Originators). *See* JP Morgan Obj. & Resp. to RFP Nos. 63-69. RBS, Deutsche Bank, and Merrill Lynch refused to produce any documents responsive to Request Nos. 63, 64, and 69 (concerning the quality of the securitizations sponsored by RFC, the quality of the mortgage loans originated by each Originator, and the analyses of the U.S. housing market). Although RBS, Deutsche Bank, and Merrill Lynch agreed to produce some documents responsive to Request Nos. 65 through 68, they gutted the requests by restricting their productions to documents that involve the Mortgage Loans underlying MassMutual's Certificates or the Securitizations in which MassMutual made its purchases. *See* RBS Obj. & Resp. to RFP Nos. 63-69; Deutsche Bank Obj. & Resp. to RFP Nos. 63-69; Merrill Lynch Obj. & Resp. to RFP Nos. 63-69.

Tellingly, Defendants' refusals and artificial attempted restrictions are inconsistent with the scope of their own nearly-identical requests directed at MassMutual. *See, e.g.*, Defs.' RFPs, Nos. 12-13, 23-26, 36-37, 47, 49, 52-53, 61, 65, 73-86. Documents regarding the Sponsor, Depositors, or Originators at issue and documents regarding the U.S. housing market generally are relevant to MassMutual's "wholesale abandonment" claims and Defendants' due diligence defense. Please confirm during the meet and confer call that Defendants will amend their responses by September 21, 2012 to agree to produce documents responsive to Request Nos. 63 to 69.

3.      Communications with Governmental Agencies

Defendants refused to produce their "communications with any governmental or regulatory agency . . . that refer or relate to the Securitization[s] or Certificates" and any documents they have "produced or made available to any congressional body, regulatory agency, law enforcement agency, or other governmental agency or person referring or relating to residential mortgage-backed securities." *See* Defs.' Resps. & Objs. to RFP Nos. 27, 72. The relevance of these requested documents, which relate to the Securitizations or Certificates at issue and Defendants' general practices in underwriting residential mortgage-backed securities, is beyond dispute. It is not clear on what basis Defendants are refusing to produce these relevant documents. The documents requested are not categorically subject to any privilege, and to the extent they are privileged (and the privilege has not been waived), they should be logged. In addition, confidentiality is not a reason to withhold documents, particularly given that there is a confidentiality agreement in place. Please confirm during the meet and confer call that Defendants will amend their responses by September 21, 2012 to agree to produce documents responsive to Request Nos. 27 and 72.

4.      Basic Corporate Documents

MassMutual requested documents sufficient to show Defendants' corporate structure and document retention policies from January 1, 2005 to present. *See* RFP Nos. 74-75 (as well as RFP Nos. 76-77 directed to Merrill Lynch). Defendants made identical requests to MassMutual, and MassMutual agreed to produce responsive documents. Pls.' Objs. & Resps. to RFP Nos. 5,

All Counsel of Record
September 12, 2012

70.  As evidenced by Defendants' own decision to propound them, such requests are common and sensible in commercial litigation; they allow the opposing party to identify potential custodians and deponents, and they ensure that each side is aware of the impact of regular retention policies on the availability of documents.

Despite the obvious discoverability of these documents, Defendants either categorically refused to produce documents responsive to these requests or merely offered to meet and confer regarding these requests.  This is a delay tactic.  Please confirm during the meet and confer call that Defendants will amend their responses by September 21, 2012 to agree to produce (i) documents, such as organizational charts, sufficient to show each Defendant's corporate structure, including all departments and divisions within the Defendant and the parents, subsidiaries, and affiliates of the Defendant; and (ii) document retention policies.

5.      Documents Relevant to Defendants' Indemnification Defense

MassMutual requested "[a]ll communications with RFC and/or any debtors named in the action *In re Residential Capital, LLC*, Case N. 12-12020 . . . concerning indemnification or other claims arising from Your underwriting of RFC-sponsored securitizations between January 2005 to September 2007."  *See* RFP No. 73.  Although these documents are likely to lead to the discovery of admissible evidence regarding underwriting violations and are plainly relevant to the indemnification/contribution defense asserted by all Defendants, *see* Deutsche Bank Amended Answer, Defense No. 27; Goldman Sachs Amended Answer, Defense No. 23; JP Morgan Amended Answer, Defense No. 25; RBS Amended Answer, Defense No. 27; Merrill Lynch Answer, Defense No. 22, Defendants collectively refused to produce any documents responsive to this request.  This refusal is inexplicable.  Please confirm during the meet and confer call that Defendants will amend their responses by September 21, 2012 to agree to produce documents responsive to Request No. 73.

D.      Merrill Lynch's Improper Attempts to Narrow MassMutual's Requests

Merrill Lynch frequently responded to MassMutual's document requests by narrowing its responses to a subset of the documents requested, without any basis for doing so.  For example:

- In response to Request Nos. 37 and 38, which seek certain documents "concerning any of the Securitizations, the Mortgage Loans, or the Certificates," Merrill Lynch agreed to produce documents responsive to those requests "that concern the Relevant Securitizations"—omitting any reference to responsive documents that concern "the Mortgage Loans" or "the Certificates."  Merrill Lynch Obj. & Resp. to RFP Nos. 37-38.  Merrill Lynch similarly narrowed its responses to Request Nos. 20, 21, 42, 43, 44, 45, 47, 53, 54, 55, 56, and 57 by

All Counsel of Record
September 12, 2012

either cutting off certain aspects of the request, rewriting the request, or unnecessarily inserting the term "concern."[1]

- Merrill Lynch limited its response to Request No. 22, which seeks "[d]ocuments sufficient to identify all persons involved in the preparation of any of the Offering Materials for each Securitization," to "those Merrill Lynch employees and former employees that … comprised the core team for the Relevant Securitizations." Merrill Lynch Obj. & Resp. to RFP No. 22. As discussed above, limiting documents to the "core team" is unduly restrictive.

- Merrill Lynch improperly narrowed Request Nos. 10, 12, 16, 17, 18, 25, 26, 58, and 59 by redefining "Certificate" to mean only the "certificates issued in the relevant Securitizations that were held or owned by MassMutual (the "MassMutual Certificates")." Merrill Lynch Gen. Resps. & Objs. ¶ 35. Not only is Merrill Lynch's new definition unclear, but it is also unworkable in the context of the requests, which intentionally seek documents relating to any Certificates issued in the Securitizations—not just certificates held by MassMutual. *See, e.g.*, RFP No. 10 (seeking "[a]ll documents referring or relating to BOA Securities' purchase of Certificates from RFC or any Trust for resale or for BOA Securities' own account"); RFP No. 24 (seeking "[a]ll documents referring or relating to registering the offering of Certificates with any governmental agency or securities exchange").

Please confirm during the meet and confer call that Merrill Lynch will amend its responses by September 21, 2012 to respond fully to Request Nos. 10, 12, 16, 17, 18, 20, 21, 22, 25, 26, 37, 38, 42, 43, 44, 45, 47, 53, 54, 55, 56, 57, 58, and 59. If Merrill Lynch is not willing to respond fully to one or more of these requests, please identify each such request during the meet and confer call so that MassMutual may raise the improper initial responses with the Court.

III.    Merrill Lynch's Failure To Respond to Discovery Regarding Successor Liability

MassMutual has asserted a claim under Section 410(a) of the Massachusetts Uniform Securities Act against Merrill Lynch, as the "successor-in-interest to Banc of America Securities LLC ('BOA Securities'), which was the Underwriter for 2 of the 12 securitizations at issue in this action." Compl. ¶ 9. To confirm that Merrill Lynch in fact succeeded to the liabilities of BOA Securities, MassMutual requested that Merrill Lynch admit that it is successor by merger to BOA Securities, *see* RFA No. 1, or produce documents relating to the merger and Merrill Lynch's assumption of BOA Securities' liabilities. *See* RFP Nos. 78-79.

---

[1]    Merrill Lynch's objection to MassMutual's definition of "referring" and "relating to" as "vague and ambiguous" is without basis. *See* Merrill Lynch Gen. Resps. & Objs. ¶ 40. MassMutual defined "referring" and "relating to" with an explicit, detailed definition that used some of the same terms used to define "concerning" in Local Rule 26.5(c)(7).

All Counsel of Record
September 12, 2012

Merrill Lynch refused to respond to any discovery regarding its successor liability or successor status. In response to MassMutual's single request for admission, Merrill Lynch denied that it is the successor by merger to BOA Securities. *See* Merrill Lynch Obj. & Resp. to RFA No. 1. In response to MassMutual's requests for production, Merrill Lynch objected to producing any documents relating to the merger or its assumption of BOA Securities' liabilities, claiming, among other things, that such documents are "neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence." Merrill Lynch Obj. & Resp. to RFP Nos. 78-79.

Merrill Lynch cannot deny MassMutual basic discovery regarding successor issues. Please confirm during the meet and confer call that Merrill Lynch will either (i) admit that it is the successor by merger to BOA Securities; or (ii) produce the requested documents relating to its successor liability in response to RFP Nos. 78 and 79.

IV.      Schedule for Producing Documents

As Defendants are aware, this litigation will involve significant third-party and expert discovery. The only way to accomplish this discovery by the deadlines set forth in the Court's scheduling order is to prioritize the production of certain documents. In particular, MassMutual requests that Defendants:

- Produce final loan tapes for the 12 Securitizations at issue by September 21, 2012. Production of loan tapes is necessary for MassMutual to (i) select a sample of loans for re-underwriting, obtain the necessary loan files, and commence the re-underwriting of loans; (ii) identify targets for third-party subpoenas; and (iii) identify loan numbers to assist third parties in their search for documents.

- Produce organizational charts and working group lists by September 21, 2012 so that the parties can engage in productive meet-and-confer discussions to identify relevant custodians for an ESI search.

- Produce all loan files and underwriting guidelines for the Mortgage Loans in Defendants' possession, custody, or control, which includes documents in the actual possession of Defendants' subsidiaries or affiliates, on or before October 19, 2012 to enable MassMutual to identify missing loan files and underwriting guidelines and to commence a re-underwriting of loans.

The above prioritization of document production is in no way meant to delay the production by Defendants of other responsive documents. Please confirm whether Defendants will produce documents in accordance with the above prioritization.

Finally, agreements on loan file sampling and cost-sharing for third-party subpoenas will streamline discovery. Please let us know during the meet and confer call Defendants' positions regarding (i) a sampling methodology for establishing misrepresentations in the pool of

All Counsel of Record
September 12, 2012

Mortgage Loans; and (ii) sharing any costs of production for which third parties will seek reimbursement.

V.      Conclusion

    We are available after 11:00 a.m. Pacific on September 14, 2012 for a meet and confer call.  Please let us know Defendants' availability.


Sincerely,


Molly Stephens


To:     All counsel of record (by email)

Thomas C. Rice                          Robert H. Baron
Simpson Thacher & Bartlett LLP          Cravath, Swain & Moore LLP
425 Lexington Ave.                      825 Eighth Avenue
New York, NY 10017                      New York, NY 10019

Jeffrey L. McCormick                    Katherine B. Dirks
Robinson Donovan, P.C.                  Wilmer Cutler Pickering Hale and Dorr LLP
1500 Main Street, Suite 1600            339 Park Avenue
Springfield, MA 01115                   New York, NY 10022

Jeffrey B. Rudman                       Richard H. Klapper
Wilmer Cutler Pickering Hale and Dorr LLP   Sullivan & Cromwell LLP
60 State Street                         125 Broad St.
Boston, MA 02109                        New York, NY 10004

Mark A. Berthiaume                      Kathy B. Weinman
Greenberg Traurig, LLP                  Collora LLP
One International Place                 600 Atlantic Avenue
Boston, MA 02110                        Boston, MA 02210