UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS MUTUAL LIFE         )
INSURANCE COMPANY,                )
       Plaintiff                 )
                                  )
       v.                        ) C.A. No. 11-cv-30285-MAP
                                  )
MERRILL LYNCH, PIERCE, FENNER     )
& SMITH, INC., ET AL,             )
       Defendants                )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION TO STRIKE
(Dkt. No. 47)

January 3, 2013

PONSOR, U.S.D.J.

    Plaintiff has moved to strike certain defenses set forth by Defendants in their answers. Similar motions have been filed by Plaintiff in a number of related cases and have been ruled on by Magistrate Kenneth P. Neiman. The undersigned is ruling on this motion because Judge Neiman has recused himself. The court's intent in making the rulings is to effectuate a resolution of Plaintiff's motion in this case that is consistent with the rulings issued by Judge Neiman in the related cases.

    With this in mind, the court hereby ALLOWS Plaintiff's Motion to Strike (Dkt. No. 47), in part, as follows:

    With regard to the answer of Defendant Goldman, Sachs &

Co., Inc. (Dkt. No. 37), the motion is ALLOWED as to the tenth and eighteenth defenses, and as to the twentieth defense (to the extent that it asserts that MassMutual had "constructive knowledge," or "assumed the risk").

With regard to the answer of Defendant J. P. Morgan Securities LLC (Dkt. No. 38), the motion is ALLOWED as to the sixth defense, as to the eighth defense (to the extent it asserts that MassMutual "should have known" of the misrepresentation), as to the twelfth defense (to the extent that it seeks to raise "lack of justifiable reliance" as a defense), and as to the fourteenth defense (to the extent it asserts that MassMutual had "constructive knowledge," or "assumed the risk").

With regard to the answer of Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. (Dkt. No. 39), the motion is ALLOWED as to the fifth defense, as to the sixth defense (to the extent that it asserts that MassMutual "should have known" of the misrepresentation), and as to the twenty-seventh defense (to the extent that it seeks to raise "lack of justifiable reliance" as a defense).

With regard to the answer of Defendant Deutsche Bank Securities, Inc. (Dkt. No. 40), the motion is ALLOWED as to the eleventh defense, the twelfth defense (to the extent that it asserts that MassMutual "should have known" of the

misrepresentation), the nineteenth defense (to the extent that it to the extent it asserts that MassMutual had "constructive knowledge," or "assumed the risk"), and as to the twentieth defense (to the extent that it seeks to raise "lack of justifiable reliance" as a defense).

Finally, with regard to the amended answer of Defendant RBS Securities, Inc. (Dkt. No. 41), the motion is ALLOWED as to the eleventh defense, the twelfth defense (to the extent that it asserts that MassMutual "should have known" of the misrepresentation), the nineteenth defense (to the extent that it asserts that MassMutual had "constructive knowledge," or "assumed the risk"), and the twentieth defense (to the extent that it seeks to raise "lack of justifiable reliance" as a defense).

In all other respects, the Motion to Strike (Dkt. No. 47) is hereby DENIED.

It is So Ordered.

                               /s/ Michael A. Ponsor
                               MICHAEL A. PONSOR
                               United States District Judge