**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3635**

WRITER'S INTERNET ADDRESS
**mollystephens@quinnemanuel.com**

February 21, 2013

**VIA ECF**

Hon. Robert B. Collings
John Joseph Moakley United States Courthouse
Courtroom 23, 7th Floor
Boston, MA 02210

Re: *Mass. Mut. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*,
Case No. 3:11-cv-30285 (D. Mass.)

Dear Magistrate Judge Collings:

    We represent Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") in the above-referenced action and submit the following response to Defendants' February 19, 2013 letter to Your Honor, which attached a copy of, and included two pages of argument regarding, *Columbia Data Products, Inc. v. Autonomy Corp.*, No. 11-12077-NMG, 2012 WL 6212898 (D. Mass. December 12, 2012).

    Contrary to Defendants' presentation, the *dicta*[1] they cite from the *Columbia* decision actually supports MassMutual's right to withhold its attorney-client privileged and work-product

---

[1] Defendants rely on the district court's discussion in *Columbia* of the issue of waiver of privilege or work-product protection. That part of the opinion is *dicta* because the district court found the pre-complaint audit at issue was not attorney work-product in the first place because it was not prepared in anticipation of litigation. *Id.* at *16. Because the court concluded that "the issue of waiver does not need to be reached," *id.,* anything said about waiver was *dicta*.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

February 21, 2013

protected forensic review-related documents.  Defendants cite to the finding in *Columbia* that "fairness requires that the defendants be allowed to explore the full panoply of information available to PWC for its 'independent' audit," including "the circumstances surrounding PWC's engagement, the information available to PWC . . . and the manner of its performance." *Id.* at *18.  But Defendants fail to disclose that the basis for this statement in *Columbia* was that the audit report at issue (unlike the forensic work product used solely for pleading purposes here) was to be used for proof at trial in that case.

The pre-complaint audit report at issue in *Columbia* was performed pursuant to the parties' license agreement, by the auditing firm PWC, hired by plaintiff Columbia Data Products ("CDP") under a representation that the sole purpose of the review was the exercise of its audit rights under the terms of the license agreement.  *Id.* at *8.  Based on these representations, the defendants arranged for PWC to receive sensitive financial information and to conduct interviews of defendants' employees.  *Id.* at *18 ("Iron Mountain would not have given PWC the access it did if it had known that PWC had been engaged by litigation counsel or that PWC was gathering information that CDP might *subsequently attempt to use at trial*." (emphasis added)).  Subsequently, PWC undertook to "update its interim audit report so that it could be used for expert witness testimony in this matter," and also agreed to provide a rebuttal report and deposition and trial testimony.  *Id.* at *9.

Here, by contrast, the forensic analysis was conducted at the direction of counsel by a non-testifying consultant before MassMutual filed its Complaint and solely for pleading purposes.  At the pre-complaint stage when the analysis was prepared, MassMutual had *no* access to the evidence it will use to prove its claims – the loan files and other documents that are in the possession, custody, or control of Defendants and third parties.  MassMutual has expressly and repeatedly stated that it does not intend to rely on the pre-filing forensic review at trial or any other post-pleading stage, and no Defendant will have to defend against this preliminary forensic review.  Rather, to prove its claims, MassMutual will rely on the loan files and other evidence produced by Defendants and third parties in discovery and on re-underwriting by other experts of a sample of the mortgage loans.  Defendants, of course, will obtain full discovery into the relevant evidence and expert analysis on that subject.

Thus, the *Columbia* decision submitted by Defendants joins a long line of cases – including those already cited by Defendants in their Cross-Motion papers – holding that an "at issue" waiver occurs where a party intends to rely on a partial disclosure of privileged information to prove its claim or defense.  *See, e.g., In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (cited by Defendants in the Cross-Motion) ("at issue" waiver occurs when a defendant intends to rely on an advice-of-counsel defense at trial); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (cited by Defendants in the Cross-Motion) (same); *Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 86 (D.N.H. 2009) (cited by Defendants in the Cross-Motion) (addressing documents to be used at trial).[2]

---

[2] Contrary to Defendants' suggestion (Letter at 2), that the forensic analysis was cited by MassMutual to oppose a motion to dismiss does not effectuate waiver.  As the authorities (footnote continued)

February 21, 2013

   Defendants' submission does not disclose that an on-point decision was handed down after the parties' briefing was finalized, and it is not *Columbia*. MassMutual would like to bring to the Court's attention Judge Denise Cote's November 15, 2012 ruling in *FHFA v. JPMorgan Chase & Co., Inc., et al.*, No. 11 cv 5201 et al. (S.D.N.Y. Nov. 15, 2012). In the *FHFA* cases, the defendants (many of whom are Defendants in the present action) sought very similar relief: they sought to compel the production of materials related to a pre-complaint forensic review of a similar nature to the forensic review commissioned by MassMutual in anticipation of this litigation. Judge Cote denied the defendants' request, stating that the discoverability of the forensic review depended upon whether the plaintiff *would rely on the same material or the same expert for trial purposes*. (*See* Attachment A, Transcript of November 15, 2012 Hearing in FHFA Cases at 43:20-44:4; 46:5-47:2.) Because the forensic review was not germane to and would not be relied on as part of the plaintiff's proof at trial, Judge Cote concluded that the forensic review was irrelevant and its work product protection was not waived. *Id.* at 48:16-49:7. Similarly here, MassMutual does not intend to rely on its pre-filing analysis to prove its claims, and there is no reason to compel production of documents related to the analysis.

   Finally, in response to Your Honor's request, I am attaching the complaints in three RMBS cases where courts declined to find an "at issue" waiver based on the plaintiffs' use of similar results of a forensic analysis for pleading purposes:

- *FHFA v. JPMorgan Chase,* No. 11 cv 5201 et al. (S.D.N.Y.) (Amended Complaint filed June 13, 2012) (Attachment B):  Paragraphs 6, 340-386, and 440.

- *Ambac Assurance Corp. v. DLJ Mortgage Capital, Inc.*, No. 600070/2010 (N.Y. Sup. Ct.) (filed May 14, 2010) (Attachment C):  Paragraphs 10, 11, 65, 66, 67, 68, 69, 70, and 71.

- *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08 (N.Y. Sup. Ct.) (Amended Complaint filed August 24, 2009) (Attachment D):  Paragraphs 80, 82, and 91.

Respectfully submitted,

Molly Stephens

---

cited above make clear, "at issue" waiver applies to materials that will be used at trial, not for the sole purpose of opposing pleading motions.